**UNITED STATES of America, Plaintiff,**

v.

**Ivy Nelson FOUNTAIN, Defendant.**

**No. CR94–1002.**

United States District Court,
N.D. Iowa,
Eastern–Dubuque Division.

May 3, 1995.

Daniel C. Tvedt, Asst. U.S. Atty., U.S. Dept. of Justice, Cedar Rapids, IA, for plaintiff U.S.

Paul W. Papak, Asst. Federal Public Defender, Cedar Rapids, IA, for defendant.

***OPINION AND ORDER***

MELLOY, Chief Judge.

The defendant has been convicted of two counts of knowingly distributing cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The presentence investigative report was prepared and a sentencing hearing held. At the sentencing hearing the court took evidence, heard arguments, and received subsequent briefs

on the following two issues: (1) does the defendant have the necessary two predicate offenses for purposes of the career offender guideline, USSG 4B1.1; (2) did the U.S. Sentencing Commission exceed its statutory authority when it promulgated application note 2, to USSG 4B1.1. A separate order has been entered finding that the defendant does have the two predicate offenses for purposes of USSG 4B1.1. This Opinion and Order now addresses the interpretation of application note 2, to USSG 4B1.1.

### Background

The United States Sentencing Guidelines § 4B1.1 provides a method of calculating the guideline sentencing range in the case of "career offenders". The sentencing range, under § 4B1.1, is calculated by referring to a table which provides a particular sentencing range for a given "Offense Statutory Maximum".[1] The primary dispute in this case is the interpretation and application of the term "Offense Statutory Maximum".

The government argues that the statutory maximum is the maximum sentence authorized by 21 U.S.C. § 841(b), based on the enhanced sentences allowed for defendants with certain prior criminal convictions. The defendant argues that the statutory maximum is the maximum sentence authorized by § 841(b), without any increase based on criminal history. The defendant in this case was convicted of distribution of more than five grams but less than 50 grams of cocaine base. Accordingly, the sentencing range, without enhancement, is five years to forty years pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).[2]

Since one of the predicate offenses for the career offender status is a felony conviction for possession of cocaine with intent to deliver, the sentence under 21 U.S.C. § 841(b)(1)(B) is enhanced to a minimum of ten years and not more than life imprisonment. If the maximum sentence of forty years (or eighty years because of the school yard enhancement) is used for purposes of computing the offense level under USSG 4B1.1, the offense level is computed on the basis of a statutory maximum of twenty-five years or more which results in an offense level of 34. If the enhanced sentence of a maximum term of imprisonment of life imprisonment is used, the offense level under USSG 4B1.1 becomes a level 37.

The defendant's conviction resulted from a full trial at which the defendant denied responsibility for the criminal conduct which forms the basis of the conviction. Accordingly, the presentence report recommends the defendant be denied acceptance of responsibility under USSG § 3E1.1. The defendant has not objected to the denial of acceptance of responsibility and it was determined at the sentencing hearing that the defendant would not be given acceptance of responsibility credit. The career offender guideline under USSG 4B1.1 also provides that the person who is determined to be a career offender will be classified as a criminal history category VI. Accordingly, the net effect of the dispute over the offense level computation means the defendant will either be at a guideline sentencing range of 262 to 327 months if he is at a level 34, or 360 months to life if he as at a level 37.[3]

1.

| Offense Statutory Maximum | Offense Level |
|---|---|
| Life | 37 |
| 25 years or more | 34 |
| 20 years or more, but less than 25 | 32 |
| 15 years or more, but less than 20 years | 29 |
| * * * | * * * |

U.S.S.G. § 4B1.1

2. The actual sentencing range in this case without enhancement for the prior offense is five years to eighty years because the distribution occurred within 1000 feet of a school. 21 U.S.C.

§ 860(a). Since the maximum sentence is less than life imprisonment, the "school yard" enhancement has no effect upon the offense level computation under USSG 4B1.1. The defendant has not contested the application of 21 U.S.C. § 860(a) to this case for purposes of the career offender analysis.

3. If the defendant did not qualify as a career offender, the offense level would be a level 28 based on 5 to 20 grams of cocaine base (level 26) and the school yard enhancement (2 level increase under USSG § 2D1.2(a)(1)). The defendant is a criminal history category VI. The guideline sentencing range would be 140–175 months.

Prior to November 1, 1994, application note 2 to § 4B1.1 stated that the "Offense Statutory Maximum" referred to the "maximum term of imprisonment authorized for the offense of conviction...." The circuits addressing the issue, universally interpreted the comment to mean that the offense statutory maximum is the maximum statutory penalty authorized, taking into account any applicable enhancement based on the defendant's criminal history. *See United States v. Smith,* 984 F.2d 1084, 1086–87 (10th Cir. 1993), *cert. denied,* — U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1994); *United States v. Saunders,* 973 F.2d 1354, 1364 (7th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); *United States v. Garrett,* 959 F.2d 1005, 1009–11 (D.C.Cir. 1992); *United States v. Amis,* 926 F.2d 328, 330 (3d Cir.1991); *United States v. Sanchez–Lopez,* 879 F.2d 541, 558–60 (9th Cir.1989). In other words, for a person sentenced under 21 U.S.C. § 841(b) who was shown to have the requisite criminal history for an enhanced sentence, the offense statutory maximum would be that enhanced sentence, and the applicable sentencing range under § 4B1.1 would be found based on that higher "offense statutory maximum".

Effective November 1, 1994, the Commission amended application note 2 to § 4B1.1. The revised comment states that "Offense Statutory Maximum" is the "maximum term of imprisonment authorized for the offense of conviction ... not including any increase in that maximum term of imprisonment under a sentencing enhancement provision that applies because of a defendant's prior criminal record." This is in direct conflict with the prior judicial interpretation of the former commentary.

The government argues that the recent amendment conflicts with specific guidance contained within the Commission's enabling legislation. Specifically, they argue that application note 2, as amended, conflicts with 28 U.S.C. § 944(h) which states that the guidelines shall, in the case of career criminals, specify a sentence "at or near the maximum authorized." The defendant argues that the Commission had the authority to make the amendment, that the amendment is binding on the courts, and that the sentences imposed under the amendment do in fact provide for sentences at or near the maximum authorized, as required by 28 U.S.C. § 944(h).

**Guidelines**

■ The United States Sentencing Commission promulgates the sentencing guidelines pursuant to enabling legislation enacted by Congress. *See* 28 U.S.C. §§ 991–998. Although the sentencing guidelines are not legislative enactments, they have the force of law. *United States v. Nottingham,* 898 F.2d 390, 394 (3d Cir.1990) (*citing United States v. Mistretta,* 488 U.S. 361, 389, 109 S.Ct. 647, 664, 102 L.Ed.2d 714 (1989) (guidelines analogous to court rules)). Likewise, the commission's commentary interpreting its own guidelines are also binding on the courts. *Stinson v. United States,* — U.S. ——, ——, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993) (commission commentary given the same deference as an administrative agency's own interpretation of its regulations). Courts are to give the commentary "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Id.; United States v. Hensley,* 36 F.3d 39, 41 (8th Cir.1994). This is the case even where, as in the instant case, the amended commentary conflicts with prior judicial interpretation of the guidelines. *Stinson,* — U.S. at ——, 113 S.Ct. at 1919.

The parties, to some extent, style this dispute as relating to the Sentencing Commission's discretion to interpret their own guidelines. Treated as such, the above cited cases clearly support the defendant's position that the Commission's interpretation is controlling. The commentary, itself, does not conflict with the guideline. The guideline merely states that the input to the sentencing range table is the "Offense Statutory Maximum" and the commentary defines that term. There is no conflict between the guidelines and the interpretation.

This, however, does not end the discussion. The issue at the core of the instant dispute is whether the guideline, so interpreted, conflicts with the enabling legislation, 28 U.S.C. § 944(h), and therefor exceeds the scope of the commission's discretion to fashion guide-

lines under the enabling legislation. The government claims that revised application note 2 to § 4B1.1 conflicts with § 944(h)'s mandate that the guidelines provide for a sentence "at or near the maximum authorized." The defendant claims that § 944(h) merely provides general legislative guidance and is not so specific or rigid as to preclude the amended interpretation of offense statutory maximum.

### 28 U.S.C. § 994(h)

■ Among Congress' directives to the sentencing commission is the mandate that the Commission:

> "shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for ... defendants [who are career criminals]."

28 U.S.C. § 994(h). The parties disagree over the meaning and effect of the phrase maximum term authorized. The government contends that the phrase means the maximum term authorized by the statute that sets out the maximum term of imprisonment authorized by law. The defendant argues that the phrase is ambiguous, and could refer to the maximum term authorized by the sentencing guidelines, the maximum term authorized by the statute defining the offense, the maximum terms authorized under 18 U.S.C. § 3581(b) or the maximum terms authorized in 18 U.S.C. § 3559(b). I find it unnecessary to reach this question. Assuming that the government's more restrictive definition of "maximum authorized" is correct, (the maximum term authorized by the statute defining the offense, taking into account any increase based on criminal history), I find that the Commission's definition of "Offense Statutory Maximum", as used in U.S.S.G. § 4B1.1, is nevertheless valid and binding.

■ The guidelines and policy statements promulgated by the commission must be "consistent with all pertinent provisions of [title 28] and title 18." 28 U.S.C. § 994(a). Where the enabling legislation contains specific direction, the guidelines must comport with that direction. *United States v. Quesada,* 972 F.2d 281, 282 (9th Cir.1992), *cert. denied* —— U.S. ——, 113 S.Ct. 1348, 122 L.Ed.2d 729 (1993); *Nottingham,* 898 F.2d at 393. In this case, the government claims that § 4B1.1, as interpreted by the amended commentary, is not consistent with specific guidance, to provide sentences "at or near" the maximum authorized, found in 28 U.S.C. § 994(h). I disagree.

■ Where a statute is either ambiguous or the Congressional intent is unclear, the question is whether the agency's construction of the statute is permissible based on the statute at issue. *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). In the instant case, the phrase "at or near" is not specific and does not provide clear guidance as to the degree of nearness intended by Congress. Based on the generality of the phrase "at or near", the legislative history of § 944(h) and competing factors to be taken into account by the Commission, I cannot find that the Commission's definition of near, as reflected in the disagreement between the guideline sentencing ranges under the amended commentary and the maximum sentences authorized by the statutes defining the crimes, is not a permissible one.

It is not likely that Congress intended for § 944(h) to rigidly bind the commission to enact specific sentences. The legislative history reveals that it was intended as general, not specific, guidance:

> "In a few areas (involving e.g., recidivists, organized crime offenders, first offenders) the title provides *general legislative guidance* to the Commission as to the kind of sentence and degree of severity that would seem to be appropriate for inclusion in the guidelines. These provisions are intended to accord some direction to the Commission *without so circumscribing its consideration of occasional countervailing factors* as to prove unduly rigid...."

128 Cong.Rec. S26,471 (1982) (emphasis added).

The Commission revised its definition of "Offense Statutory Maximum" in U.S.S.G. § 4B1.1, in part, pursuant to other general statutory and legislative guidance. Congress' Conference Report on the recently enacted Violent Crime Control and Law Enforcement Act of 1994 contained the follow-

ing statement to guide the Commission's implementation of a list of new directives on sentencing policy contained in that Act:

"In carrying out directives from the Congress, the U.S. Sentencing Commission shall assure reasonable consistency with other guidelines, avoid duplicative punishment for substantially the same offense, and take into account any mitigating circumstances which might justify exceptions. The Commission shall also carry out such directions in light of the factors set forth in subsection 3553(a) of title 18, United States Code."

H.R.Conf.Rep. No. 694, 103d Congress, 2d Sess., at 419.

Application note 2 can be read to be fulfilling the Congressional directive to avoid duplicative punishment for substantially the same offense. By using the prior drug conviction felony as a predicate offense for career offender status, that conviction has already had the effect of increasing the defendant's offense level from a level 28 to a level 34. A further increase to a level 37 based upon the fact that the same predicate conviction increases the statutory maximum to life imprisonment certainly justifies the U.S. Sentencing Commission in taking the position that there is duplicative punishment for substantially the same offense.

Section 3553(a)(6) directs a court to avoid unwarranted sentencing disparities. Likewise, 28 U.S.C. § 994(f) contains a similar expression of the Commission's duty to reduce unwarranted sentencing disparities. Given the discretion afforded the Commission and its duty to develop guidelines balancing multiple, competing goals, I find that U.S.S.G. § 4B1.1, as interpreted in light of amended application note 2, is not inconsistent with 28 U.S.C. § 944(h).

### ORDER

IT IS THEREFORE ORDERED that the United States of America's objection to the presentence investigative report which determined the defendant to be at an offense level 34 based upon application note 2, United States Sentencing Guideline 4B1.1, is overruled. Based upon an offense level 34, criminal history category 6, the defendant's sentencing guideline range is 262 to 327 months. A continued sentencing hearing will be set by separate notice.