**UNITED STATES of America, Plaintiff,**

v.

**Michael Ray BENSON, Defendant.**

No. 92–20184–TU.

United States District Court,
W.D. Tennessee,
Western Division.

Nov. 22, 1995.

---

Michael Ray Benson, Memphis, TN, pro se.

Linda N. Harris, Asst. U.S. Attorney, Memphis, TN, for U.S.

## ORDER DENYING MOTION UNDER 18 U.S.C. § 3582(c)(2)

TURNER, District Judge.

Defendant Michael Ray Benson, an inmate at the Federal Correctional Institution at Memphis, has filed a motion under 18 U.S.C. § 3582(c)(2), seeking to reduce the sentence imposed for his federal narcotics conviction.

A federal grand jury indicted Benson and a co-defendant on June 9, 1992, for one count of possession of 101 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On August 11, 1992, a jury returned a guilty verdict. On October 30, 1992, the court conducted a sentencing hearing and, on December 28, 1992, the court entered a judgment of conviction, sentencing Benson to a total term of imprisonment of two hundred-ninety-five (295) months, to be followed by a six-year period of supervised release. Benson appealed the conviction and sentence to the Sixth Circuit Court of Appeals, which affirmed. *United States v. Benson*, No. 93–5493, 1994 WL 188504, 1994 U.S.App. LEXIS 11278 (6th Cir. May 12, 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994).

Defendant has now filed a motion arguing that a recent amendment to the United States Sentencing Guidelines (U.S.S.G.) career offender guideline should be retroactively applied to shorten his sentence.

The Sentence Reform Act places strict limits on a court's power to modify a federal sentence. Title 18 United States Code § 3582(c) states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Director of the Bureau of Prisons has not moved for a reduction of the defendant's sentence under § 3582(c)(1)(A), and neither any other statute nor Rule 35 is applicable. Therefore plaintiff must establish entitlement to a reduction under § 3582(c)(2).

Defendant contends that Amendment 506 to the Guidelines lowers his sentencing range, and thus requires the court retroactively to reduce his sentence. *See* Appendix C to the United States Sentencing Commission Guidelines Manual, Amendment 506. That amendment is retroactive. *See, Id.,* Amendment 504; U.S.S.G. § 1B1.10(c).

When the court sentenced Benson for possession of less than 500 grams of cocaine with

intent to distribute, the court concluded that as Benson was over 18 and had two prior controlled substances offenses, he fit the definition of a career offender in U.S.S.G. § 4B1.1. To calculate the career offender offense level, the court began by determining the statutory maximum penalty for the offense of conviction. Title 21 United States Code § 841(b)(1)(C) prescribes a maximum sentence of twenty (20) years for possession of less than 500 grams of cocaine. However, since Benson had a prior felony drug conviction, the statute increased his maximum possible sentence to thirty (30) years.

The court then applied this maximum sentence to § 4B1.1, which includes a table [1] that prescribes an offense level based on that maximum sentence. A statutory maximum of 30 years results in an offense level of 34. The court found Benson's offense level to be 34 and calculated the actual sentence range by cross-referencing that offense level with Benson's criminal history category in the sentencing table. U.S.S.G. § 5A. As a career offender, Benson's criminal history category was VI. U.S.S.G. § 4B1.1. The court determined the resulting sentencing range to be 262 to 327 months, and imposed a sentence of 295 months.

At the time Benson was sentenced, application note 2 of the Commentary to § 4B1.1 construed the maximum statutory penalty as the penalty applicable to an offender after considering his prior convictions. Note 2, U.S.S.G. § 4B1.1 (1993). Every court of appeals that had considered the question had approved using the enhanced penalty as the offense statutory maximum in determining a career offender's offense level. The courts universally held that doing so carried out Congress's intent that drug offenders receive sentences at or near the statutory maximums. 28 U.S.C. § 994(h). *See, e.g., United States v. Gardner*, 18 F.3d 1200, 1202 (5th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 212, 130 L.Ed.2d 141 (1994); *United States v. Sanchez*, 988 F.2d 1384, 1394–97 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 217, 126 L.Ed.2d 173 (1993); *United States v. Smith*, 984 F.2d 1084, 1086–87 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); *United States v. Saunders*, 973 F.2d 1354, 1365 (7th Cir.1992), *cert. denied*, 506 U.S. 1070, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993); *United States v. Moralez*, 964 F.2d 677, 682–83 (7th Cir.), *cert. denied*, 506 U.S. 903, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992); *United States v. Garrett*, 959 F.2d 1005, 1009–11 (D.C.Cir.1992); *United States v. Amis*, 926 F.2d 328, 330 (3d Cir.1991); *United States v. Sanchez–Lopez*, 879 F.2d 541, 558–60 (9th Cir.1989).

Despite this universal approval of the Guideline, the Sentencing Commission issued Amendment 506, which amended Note 2. The note originally read, in pertinent part:

> "Offense Statutory Maximum" refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense.

Amendment 506 deleted this sentence and substituted in its place the following:

> "Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and

---

1. The § 4B1.1 table reads as follows:

| Offense Statutory Maximum | Offense Level* |
|---|---|
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 years or more, but less than 25 years | 32 |
| (D) 15 years or more, but less than 20 years | 29 |
| (E) 10 years or more, but less than 15 years | 24 |
| (F) 5 years or more, but less than 10 years | 17 |
| (G) More than 1 year, but less than 5 years | 12 |

* If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

(b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for the purposes of this guideline is twenty years and not thirty years.

If this amendment is applied to Benson's sentence, his statutory maximum penalty will be 20 years, reducing his offense level to 32 and his sentencing range to 210 to 262 months. Benson now moves the court to resentence him, applying the revised application note. The government has filed a response, opposing any modification of his sentence. The government contends that the Commission, in issuing the new commentary, has violated its statutory mandate.

■ Absent *ex post facto* restrictions, the sentencing guidelines applicable to a sentence are ordinarily the guidelines in existence at the time of sentencing. 18 U.S.C. § 3553(a)(4). *United States v. Holmes*, 975 F.2d 275, 278 (6th Cir.1992). Section 1B1.10 of the Sentencing Guidelines defines whether guideline amendments are to be given retroactive effect.[2] As required by Amendment 504 to the Guidelines, Amendment 506 is mentioned in § 1B1.10(c). Thus a reduction under amended § 4B1.1 of an already imposed sentence is consistent with the sentencing commission's policy statement. Therefore, § 3582(c)(2) does authorize the court to apply that section retroactively to modify Benson's sentence. *United States v. Dullen*, 15 F.3d 68 (6th Cir.1994). The government contends, however, that the court must not apply the revised method of calculating a § 4B1.1 sentence because the Commission exceeded its statutory mandate in issuing the revised commentary.

■ The Sentencing Commission is an independent commission in the judicial branch authorized to promulgate and review and revise determinative-sentence guidelines. *Mistretta v. United States*, 488 U.S. 361, 368–69, 109 S.Ct. 647, 652–53, 102 L.Ed.2d 714 (1988) (citing 28 U.S.C. §§ 991(a), 994(*o* )).

The Sentencing Commission promulgates guidelines by virtue of an express congressional delegation of authority for rulemaking, see *Mistretta v. United States*, 488 U.S., at 371–379, 109 S.Ct., at 654–658, and through the informal rulemaking procedures in 5 U.S.C. § 553, see 28 U.S.C. § 994(x). Thus, the guidelines are the equivalent of legislative rules adopted by federal agencies.

*Stinson v. United States*, 508 U.S. 36, 44–45, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993).

The enabling legislation, 28 U.S.C. §§ 991–98, contains a general command to "assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2) of the title 18, United States Code" and to establish certainty and fairness and eliminate disparities in sentencing. 28 U.S.C. § 991(b)(1)(A), (B). The legislation commands the Commission to fulfill these general goals by promulgating guidelines for imposing sentences within the statutory ranges set by Congress. 28 U.S.C. § 994(a)(1). The Commission is authorized to issue policy statements on how to apply the guidelines so as to further the purposes of § 3553(a)(2). 28 U.S.C. § 994(a)(2). This

---

2. *Retroactivity of Amended Guideline Range* (Policy Statement)

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

(b) In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

(c) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, and 506.

U.S.S.G. § 1B1.10 (1994).

authorization also directs the Commission to factor into its policy statements commands on when § 3582(c) sentence modification is appropriate. *Id.* at § 994(a)(2)(C). The Commission's commentary to a guideline "is to be treated as the legal equivalent of a policy statement." U.S.S.G. § 1B1.7.

In promulgating guidelines, the Commission is commanded not only to fulfill those general purposes, but to "establish a sentencing range that is consistent with *all pertinent provisions* of title 18, United States Code." 28 U.S.C. § 994(b)(1) (emphasis added).

The purposes of sentencing are enunciated by 18 U.S.C. § 3553(a)(2).[3] Courts are instructed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." In practical reality, a *court* generally only follows this instruction by applying the guidelines and commentary promulgated by the Commission.

In addition to the general commands, § 994 also directs the Commission how it should exercise its discretion in creating guidelines for certain specific types of crimes. 28 U.S.C. § 994(h), (i), and (j).

In this case, the relevant provision is § 994(h), which provides, in pertinent part: The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

.        .        .        .        .

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) . . .; and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) . . . .

28 U.S.C. § 994(h).

■ "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson,* 508 U.S. at 37, 113 S.Ct. at 1915. Under U.S.S.G. § 1B1.7, commentary may "interpret the guideline or explain how it is to be applied," "suggest circumstances which, in the view of the Commission, may warrant departure from the guidelines", or "provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline." *Stinson,* 508 U.S. at 42, 113 S.Ct. at 1917. Furthermore, "commentary explains the guidelines and provides concrete guidance as to how even unambiguous guidelines are to be applied in practice." *Id.* at 44, 113 S.Ct. at 1918.

■ Nevertheless, "[i]t does not follow that commentary is binding in all instances. . . . Thus, we articulate the standard that governs the decision whether particular interpretive or explanatory commentary is binding." *Id.* at 43, 113 S.Ct. at 1918. Commission commentary is to

be treated as an agency's interpretation of its own legislative rule. . . . The functional purpose of commentary . . . is to assist in the interpretation and application of those rules, which are within the Commission's particular area of concern and expertise and which the Commission itself has the first responsibility to formulate and announce. In these respects this type of commentary is akin to an agency's interpretation of its own legislative rules. As

---

3. In pertinent part, paragraph (a)(2) states:

The court, in determining the particular sentence to be imposed, shall consider—

.        .        .        .        .

(2) the need for the sentence imposed—
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .
18 U.S.C. § 3553(a)(2).

we have often stated, provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation."

*Id.* at 44–45, 113 S.Ct. at 1919 (citation omitted).

Moreover, "prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the [above] standard." *Id.*

■ From the above discussion, it is plain that the Commission's discretion is not unlimited, and must be rooted in a statutory foundation. At the same time, the deference due the Commission's exercise of its vast discretion militates against a court lightly concluding that a particular exercise is improper.

Having set in context the enormity of considering the government's argument regarding the Commission's amendment of the § 4B1.1 commentary, the court seeks to analyze carefully the interplay between that commentary, the guideline, and the statutes. This is a question of first impression in this circuit, and the court has not found any appellate opinion addressing this issue directly.[4] Four district courts have decided the issue, three upholding the commentary, and one rejecting it.[5]

■ As recognized by each of the district courts, the issue is whether the Commission has obeyed the command of § 994(h) that persons with two previous drug felonies receive a sentence "at or near the maximum term."

The courts that have upheld this commentary have all concluded that the phrase "at or near" in § 994(h) is not specific enough to preclude the Commission's new interpretation. They have also concluded that even if the amended commentary results in sentences not "at or near" the maximum, the Commission's statutory mandate includes purposes other than the specific command of § 994(h) that justify the revision. However, none of the courts, including the decision finding Amendment 506 invalid, have actually analyzed either how close to the maximum the new commentary brings specific sentences, or how different application of a *career* offender guideline affects the way in which the guidelines fulfill other statutory duties. In particular, no court has compared actual calculations of sentences under the two alternative commentaries.

As already explained, § 841(b)(1)(C) provides for a maximum sentence of 20 years for trafficking in less than 500 grams of cocaine. If the defendant has a prior drug trafficking conviction, the maximum sentence is 30 years, or 360 months. As calculated under the unamended commentary to § 4B1.1, for a person dealing less than 500 grams of cocaine that maximum sentence resulted in an of-

---

**4.** The court has discovered the following circuit decisions, all involving direct appeals from criminal judgments:

*United States v. Jones*, 55 F.3d 289, (7th Cir. 1995), *cert. denied, Jones v. United States*, —— U.S. ——, 116 S.Ct. 161, 133 L.Ed.2d 104 (1995) (argument that Amendment 506 applies must be considered in first instance by district court); *United States v. Johnson*, 1995 WL 133373, 1995 U.S.App. LEXIS 6219 (10th Cir.Kan. Mar. 27, 1995) (argument that Amendment 506 applies must be considered in first instance by district court), *appeal after remand*, 1995 WL 324482, 1995 U.S.App. LEXIS 13491 (10th Cir. May 31, 1995) (government did not object to Amendment's application on remand), *cert. denied*, —— U.S. ——, 116 S.Ct. 139, 133 L.Ed.2d 86 (1995); *United States v. Richmond*, 1995 WL 46554, 1995 U.S.App. LEXIS 2274 (8th Cir.Ark. Feb. 8, 1995) (remanding sentence to district court to consider

Amendment 506 argument, without considering whether it properly applies).

**5.** Commission abided by the statute in enacting Amendment 506. *United States v. Saunders*, 890 F.Supp. 764 (W.D.Wis.1995); *United States v. LaBonte*, 885 F.Supp. 19 (D.Me.1995); *United States v. Fountain*, 885 F.Supp. 185 (N.D.Iowa 1995). *Contra, United States v. Sheppard*, 879 F.Supp. 80 (C.D.Ill.1995). Neither party to this case has cited any cases directly on point, although in fairness it must be stated that these cases were all decided after the motion, the government's response, and the defendant's reply.

In *United States v. Parker*, 1995 WL 646824, 1995 U.S.Dist. LEXIS 16603 (D.Or. Nov. 1, 1995), and *Nwachia v. United States*, 891 F.Supp. 189 (D.N.J.1995), the court rejected the defendant's motion because his offense level under § 4B1.1 was not originally enhanced by any reference to his prior criminal record.

fense level of 34, and a sentencing range of 262 to 327 months.

If the amended commentary to § 4B1.1 is applied, the maximum statutory penalty under U.S.S.G. § 4B1.1 is at least 20 but less than 25 years, and the resulting offense level is 32. An offense level of 32, when cross-referenced on the sentencing table with criminal history category VI, yields a sentencing range of 210 to 262 months.

The court's first observation, therefore, is that under the new commentary, a person sentenced strictly as a career offender for a § 841(b)(1)(C) offense will never receive a sentence more than 262 months. This is only 22 months more than the maximum possible sentence for a person with *no prior* convictions, and 98 months *less* than the maximum possible sentence within the statutory range. Examining the amended commentary as an implementation of § 994(h)(2) (requiring career offenders to serve a sentence "at or near the maximum"), this interpretation results in any offender receiving a sentence that is only 18⅓ percent up the scale of possible statutory enhancement.

The phrase "at or near" is admittedly not a command to engage in a specific mathematical calculation. This does not mean, however, that it has no meaning. The phrase "at the maximum" is clear and needs no explanation. Clearly, the amended commentary does not implement this command of the statute. In fact, it renders it completely impossible. The effect on "near the maximum" is just as compelling.

■ In deciding whether a statute is unambiguous, a basic principle of statutory construction provides that where words in a statute are not defined, they must be given their ordinary meaning.

When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning. See *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311 [314], 62 L.Ed.2d 199 (1979) (words not defined in statute should be given ordinary or common meaning). Accord, *post*, [508

U.S. at 242, 113 S.Ct.] at 2061 ("In the search for statutory meaning, we give nontechnical words and phrases their ordinary meaning").

*Smith v. United States*, 508 U.S. 223, 228, 113 S.Ct. 2050, 2054, 124 L.Ed.2d 138 (1993) (construing word "use" in 18 U.S.C. § 924(c)(1) as having ordinary dictionary meaning). *See also Chapman v. United States*, 500 U.S. 453, 462, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991).

In the phrase "specify a sentence to a term of imprisonment at or near the maximum," near is a preposition. According to *Webster's Ninth New Collegiate Dictionary* 790 (1987), near, used as a preposition, is defined as "close to." Similarly, the *Oxford Encyclopedic English Dictionary* 971 (1991) defines the prepositional near as "to or at a short distance (in space, time, condition, or resemblance) from." *Webster's Third New International Dictionary* 1510 (1986) defines the prepositional near as "not far distant from esp. in place, time, or degree: close to." [6] The ordinary meaning of near is close to. Is 262 close to 360, when the entire scale begins at 240? Using the lower maximum sentence as the beginning, or zero, is 22 close to 120? Again, 22 is 18⅓ percent of 120. It would seem clear that a fireman who is only 18⅓ steps from the bottom of a one hundred step ladder cannot honestly be described as "close to" the top of the ladder. He is certainly not closer to the top than the bottom, and certainly a trapped fire victim waiting at the 100th step to be carried down would not describe his location as close to the top.

In contrast, Benson's original sentence range of 262 to 327 months places the potential sentence between steps 22 and 87 on a 120 step ladder (or between 18.3 and 72.5 percent of maximum). While one might argue that even 72.5 is not "close" to 100, it is certainly closer than 18.3. A possible sentence that is 72.5 percent of maximum is sufficiently closer than one that is less than 20 percent to agree that the former is arguably acceptable as an exercise of the Com-

---

**6.** *Cf. Black's Law Dictionary* 927 (5th ed. 1979): "Proximate; close-by; about; adjacent; contiguous; abutting."

mission's wide discretion in interpreting the guidelines. While it is debatable in the abstract that even the original guideline application note did not adequately implement § 994(h) under this analysis, the universal acceptance of the Commission's original interpretation forecloses any practical argument on this point. Thus the original note resulted in sentences that fulfilled § 994(h)'s statutory command. If the word "near" is to be defined by its plain, ordinary, dictionary, meaning, the amended commentary excludes the possibility of sentences that remotely comply with § 994(h).

According to the Supreme Court,

[w]e have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, *e.g., United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241–242 [109 S.Ct. 1026, 1030–1031, 103 L.Ed.2d 290] (1989); *United States v. Goldenberg,* 168 U.S. 95, 102–103 [18 S.Ct. 3, 4, 42 L.Ed. 394] (1897); *Oneale v. Thornton,* 6 Cranch 53, 68 [3 L.Ed. 150] (1810). When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430 [101 S.Ct. 698, 701, 66 L.Ed.2d 633] (1981); see also *Ron Pair Enterprises, supra,* [489 U.S.] at 241 [109 S.Ct. at 1030].

*Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149–50, 117 L.Ed.2d 391 (1992). Section 994(h) is neither ambiguous nor vague. It commands sentences that are closer to the maximum than the new note permits.

Neither can the Commission's action be defended on the basis that it did not misinterpret "near" but that it reinterpreted the term "maximum." This argument is espoused by *United States v. LaBonte,* 885 F.Supp. 19, 23 (D.Me.1995).

█ Section 994(h) clearly commands sentences near the "maximum" for controlled substance offenders with prior convictions. Congress then provided for an increased maximum sentence for those multiple offenders, such as the defendant here. If the reference to the maximum in § 994(h) is not to the enhanced sentence, as in § 841(b)(1)(C), then the enactment of enhanced penalties for multiple offenders makes no sense. Certainly Congress did not contemplate the result achieved by this new interpretation of the guidelines, under which the full enhanced sentence commanded by § 841(b)(1)(C) can never be imposed. It is an "established principle that a court should give effect, if possible, to every clause and word of a statute." *Moskal v. United States,* 498 U.S. 103, 109, 111 S.Ct. 461, 466, 112 L.Ed.2d 449 (1990). The conclusion in *LaBonte* that maximum does not mean the enhanced maximum only makes sense if courts are to completely ignore relevant statutory language.

As the interpretation of the term maximum depends on its context within the entire legislative scheme, the court also refers to legislative history in order to assist in understanding the legislative purpose. The legislative history indicates that Congress, in enacting section § 994(h), was specifically concerned with the statutory maximum penalty for a person with two *prior* drug trafficking convictions. "[P]roposed 28 U.S.C. 994(h) requires the Sentencing Guidelines to specify a term of imprisonment at or near the statutory maximum for a third conviction of a felony that involves a crime of violence or drug trafficking." S.REP. 98–225, 98th Cong. 1st Sess. ——— (1983), 128 Cong.Rec. 26,515 (1982). This intent, expressed for the proposed legislation, was effected by § 994(h)'s enactment. Construing § 994(h) with § 841(b)(1)(C), it is clear that Congress provided a thirty year maximum penalty for certain offenders, and intended that multiple offenders should receive "at or near" that thirty year sentence.

Accordingly, the court concludes that the Commission's amended commentary does not fulfill its statutory duty as commanded by 28 U.S.C. § 994(h).

█ Can the Commission's interpretation be sustained, however, because it is a reasonable interpretation of other statutory duties? The courts that have upheld the commentary have answered this question yes. This court respectfully disagrees.

The courts approving the commentary have offered several defenses for overriding this statutory command. The three approving courts have argued that the Commission's interpretation is a reasonable fulfillment of its statutory duty to eliminate disparity in sentencing. However, none of these courts has explained how the previous interpretation of the guideline resulted in disparity. In fact, the previous commentary simply resulted in longer sentences, not disparate ones. All career offenders were still receiving the same sentence, absent specific offense characteristics that trump the career offender guideline and are irrelevant to the present inquiry. Under the new commentary, sentences are also not disparate, but nothing has been improved. The argument that the Commission was satisfying the command to prevent disparate sentences does not survive reasoned examination.

It is theoretically possible that various offenders might, as a matter of happenstance, receive a more severe sentence because of specific offense characteristics. Thus the application of those specific characteristics guidelines in calculating an offense level might accidentally fulfill the statutory mandate of § 994(h), while at the same time satisfying the various other commands of §§ 994 and 3553(a)(2). However, that some sentences may accidentally and randomly comply with a statutory command does not support the conclusion that the new guideline interpretation fulfills an express statutory command. Nor does this incidental possibility excuse the Commission from promulgating appropriate guidelines and commentary.[7]

Furthermore, whether sentences are more or less harsh is not at issue. Rather, at issue is whether the sentence commanded by the statute is implemented by the guideline. As seen, the new interpretation renders the statute superfluous.

Various other arguments are equally invalid. The *LaBonte* court argues, for instance, that the Commission cannot ensure terms near the maximum of the possible sentence for drug offenders when enhanced by prior criminal convictions, because whether or not to seek the enhancement lies wholly within the prosecutor's discretion. This argument is fallacious.

The argument is fallacious both because it misreads the statute and because it confuses analysis of the relationship of a guideline and a statute with analysis of whether a statute is being obeyed by the enforcement authorities. Section 994(h) does not command the Commission to ensure results in specific prosecutions, but to ensure that the guidelines properly relate to the statute. The guideline is to prescribe certain results, *assuming* the statute applies. That is, the Commission is commanded to enact a guideline that fulfills the statutory goal by requiring certain results whenever the statute is invoked. Whether prosecutors will ever seek indictments under the enhanced statute is irrelevant to whether the guideline that implements that statute does so properly. *LaBonte* argues, in effect, that the guideline does not effect the statutory purpose if the statute is not always followed by prosecutors. This is, however, irrelevant to the present inquiry. Obviously, the validity of the Commission's interpretation of a statute cannot be judged by whether the Justice Department and local United States Attorneys are seeking indictments under the statutes the Commission is interpreting, any more than it can be judged by whether police are arresting drug traffickers in the first place.[8] Thus the statutory command to impose maximum sentences does not, as *LaBonte* implies, command an impossibility.

Furthermore, this argument misses the point, which is that the amended commen-

---

7. Many courts have expressed displeasure with the severity of sentencing under the career offender guidelines. Others have found unsatisfactory the rigid functioning of those guidelines. However, if the Commission considers that those guidelines do not accurately and adequately fulfill its statutory mandate, or that it guarantees unduly harsh results, it should revise the entire career offender mechanism, not apply a solution that exacerbates the problem in a different direction.

8. Furthermore, if the prosecutor does not seek enhancement, he is of course limited by the statute, regardless of the guideline. Thus the whole question presented here does not arise.

tary is frustrating the explicit congressional intent to permit prosecutors to seek such enhanced sentences. As noted, under the amended commentary no defendant will receive such a sentence solely because he is a career offender. Yet that is the explicit command of § 994(h).

The court in *United States v. Fountain*, 885 F.Supp. 185 (N.D.Iowa 1995), reasoned that § 994(h) is ambiguous because the phrase "at or near" is not precise. The court then held that the entire statute is ambiguous and thus the Commission's definition of near was not prohibited. This analysis is flawed for the reason expressed above—"at or near" is not ambiguous. However, in addition, the court's intermediate conclusion, that the entire statute is ambiguous, results from a hasty generalization. The imprecision of one phrase does not by itself render an entire statute or statutory command ambiguous.

*Fountain* also argues that Congress did not intend § 994(h) "to rigidly bind the commission to enact specific sentences." 885 F.Supp. at 188. This is a straw man argument. The previous commentary's interpretation of § 4B1.1 did not oblige a court to impose specific sentences. Eliminating this non-existent duty does not save the amendment.

Further, *Fountain* argues that the legislative history regarding the Commission's general authority, implemented in other paragraphs of § 994, precludes a court from finding a specific command in § 994(h). The general provisions do not conflict with § 994(h), however. In effect, *Fountain* substitutes the court's subjective view of what the Commission should have done for analysis of whether the Commission's actions comply with the statute.

The decision in *United States v. Saunders*, 890 F.Supp. 764 (W.D.Wis.1995), also relies on several invalid arguments, some already rejected. In particular, *Saunders* concluded that the Commission's reliance on other sentencing factors saved the commentary. However, the court merely listed those factors, and did not analyze why they are either relevant or should prevail over § 994(h)'s explicit command.

Thus § 994(n)'s command to assure that the guidelines reflect the general appropriateness of imposing a lower sentence when a person substantially assists the government is completely irrelevant to this inquiry, and is implemented fully by other guidelines. Equally clearly, § 994(g)'s instructions regarding taking into account whether suitable facilities are available for offenders is totally irrelevant and implemented elsewhere. *Saunders* offers no explanation of why these other purposes were *not* fulfilled by the previous commentary, or how the new commentary either relates to them or implements them better.

*Fountain*, *LaBonte*, and *Saunders* all make much of the effect of the new amendment on the certainty, fairness, and elimination of disparity in sentencing. None of the three cases, however, offers any explanation for how any of these purposes are better achieved by the revised application than the old one. Each result is equally certain, and the disparity argument has been resolved above. The differing sentences reached by the old and new commentary are simply different, not more certain or less disparate. Finally, the general command to enhance fairness is certainly more vague than the explicit command to impose sentences "at or near" the maximum, and no one has proffered an explanation of why lesser sentences for an entire range of dangerous career criminals are fairer.

The Commission, as explained in *Saunders*, originally justified the commentary by reference to elimination of unwarranted double counting. *Saunders* and *LaBonte* both recognized, however, that this explanation was disingenuous in light of the overwhelming precedent rejecting the theory that the enhancing function of prior convictions was unfair. *See LaBonte*, 885 F.Supp. at 23, n. 4.

The court has also examined § 3553(a)(2). The Commission is required to refer to the factors listed there in promulgating policy statements under § 994(a)(2). Section 3553(a)(2), *supra*, requires sentences to account for certain needs. This court sees no way in which those needs or the statutory

goals are fulfilled by the Commission's arbitrary revision of its interpretation of § 4B1.1.

Finally, the Commission cannot honor one statutory mandate by simply ignoring a different mandate. Whether § 4B1.1 needs to be completely revised or more carefully tailored to specific statutes, as seemingly contemplated by § 994(h), or whether Congress simply needs to amend § 841, is a question this court cannot decide. What is clear is that the supposed solution adopted by the Commission simply abandons an entire category of criminal penalties legislated by Congress.

It would seem that the majority of the Commission who approved the revision, and some of the courts that have upheld Amendment 506, do not like treating multiple drug offenders as career offenders and imposing severe mandatory sentences on them. This is not, however, sufficient justification for essentially writing an entire statute out of existence.

The court therefore holds that the United States Sentencing Commission's revised interpretation of § 4B1.1 exceeds its statutory grant of authority under 28 U.S.C. § 994(a)(2) to issue policy statements and commentary interpreting the Guidelines. The revised application note is plainly erroneous and inconsistent with the statute. As the revised guideline interpretation violates the Commission's statutory duty, the Commission's issuance of Amendment 506, lowering the defendant's sentencing range, exceeds its grant of authority under 28 U.S.C. § 994(o). The court therefore holds that Amendment 506 is invalid, and will not apply it in this or any other case before it.[9]

Benson's motion is DENIED.

The denial of a § 3582(c)(2) motion is a final order of a district court, giving the appellate court jurisdiction under 28 U.S.C. § 1291 of any appeal from that denial. *See United States v. Cerna*, Nos. 94–1433, 94–1437, 1994 WL 542757, 1994 U.S.App. LEXIS 27901, at *3 (6th Cir. Oct. 4, 1994). *See also* Fed.R.App.P. 4(b). As the merits of the defendant's motion are debatable and reasonable jurists might differ regarding those merits, the court certifies pursuant to 28 U.S.C. § 1915(d) that any appeal in this matter, proceeding *in forma pauperis*, is taken in good faith.

IT IS SO ORDERED this 22nd day of November, 1995.

9. It is certain that this ruling invalidating the commentary at issue will continue the statutory authority granted the United States Attorneys to seek at their discretion a greater sentence for defendants who have prior convictions under 21 U.S.C. § 841 and certain other statutes. Despite strong judicial condemnation of the placement of this discretion in the hands of the prosecuting attorney, rather than in the sentencing court, the courts are not the body to whom this issue should be addressed. The Commission's approach as delineated in Amendment 506 ignores the congressional edict in the light of what appear to be unwarranted sentencing disparities brought on by prosecutorial discretion. Nonetheless, Congress has enacted the enhancement laws and placed the discretion to seek such enhancement in the hands of the United States Attorneys. It is Congress to whom any unfairness or disparities should be addressed.