UNITED STATES of America,

v.

Ronald L. GORE, a/k/a Raheem
Muhammad, Movant.

Civil Action Nos. 93–20029–
01, 95–3290–KHV.

United States District Court,
D. Kansas.

July 8, 1996.

Raheem Muhammad, Atlanta, GA, Pro Se.

Robert S. Streepy, Office of United States Attorney, Kansas City, KS, for U.S.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Petitioner's Motion for Modification of Sentence Filed Pursuant to the Provisions of Title 18 U.S.C. § 3582* (Doc. #179) filed March 27, 1996. For the reasons stated below, the motion is overruled.

On April 3, 1993, Mr. Muhammad pled guilty to a two-count indictment charging him with armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and with using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1). On April 25, 1994, the Court sentenced him to 78 months on the first count and 60 months on the second.[1]

Mr. Muhammad contends that his sentence should be reduced because the Court erred in calculating his criminal history points. Specifically, Mr. Muhammad asserts that the Court improperly considered two prior offenses separately when they should have been considered as related offenses because they were consolidated for sentencing purposes. Considering the offenses separately pursuant to the presentence report prepared by the U.S. Probation Office, the Court assigned three criminal history points to each of the two prior offenses. Mr. Muhammad argues that the Court should have considered the two offenses together and assigned them a total of three points, which would have resulted in a final criminal history score of seven rather than 10.[2]

A district court is only authorized to modify a defendant's sentence in certain specified instances where Congress has expressly granted the court jurisdiction to do so. *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir.1996). Section 3582(c) of Title 18 of the United States Code provides three avenues by which a court may modify a term of imprisonment once it has been imposed. A court may modify a sentence (1) under certain circumstances upon motion of the Director of the Bureau of Prisons; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in some cases where the Sentencing Commission has subsequently lowered the sentencing range applicable to defendant's sentence. 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2).

The first option is clearly unavailable, since the Director of the Bureau of Prisons has not moved to modify Mr. Muhammad's sentence. The third option is likewise foreclosed, since Mr. Muhammad's motion to modify his sentence has nothing to do with the Sentencing Commission lowering the applicable guideline range. The second option offers Fed. R.Crim.P. 35 as a potential source of authority to modify Mr. Muhammad's sentence. Rule 35 empowers a court to correct or reduce a defendant's sentence in three specified instances. Rule 35(a) allows a district court to correct an illegal sentence on remand from a court of appeals. Rule 35(b) grants a court authority, on motion by the government made within one year after imposition of the sentence, to reduce a sentence to reflect subsequent, substantial assistance. Finally, Rule 35(c) provides that a court acting within seven days after imposition of the sentence may correct arithmetical, technical or other clear errors. None of these circumstances apply here. Consequently, Rule 35

---

1. Mr. Muhammad does not dispute the sentence for Count 2. For Count 1, the Court determined that the appropriate guideline range was 63–78 months, based on an offense level of 20 and a criminal history category of V. According to the Court's calculation, Mr. Muhammad had 10 criminal history points, which placed him in criminal history category V. It is the calculation of his criminal history points which Mr. Muhammad challenges.

2. Mr. Muhammad asserts that he should have received a total of seven criminal history points and that his correct criminal history category would thus be IV rather than V and his appropriate sentencing range would be 51 to 63 months rather than 63 to 78 months.

does not provide authority for the Court to sustain Mr. Muhammad's motion and reduce his sentence under the present circumstances.

◼◼◼ While Mr. Muhammad has inappropriately invoked 18 U.S.C. § 3582, and he is ineligible for a sentence reduction pursuant to that statute, courts generally construe pro se allegations liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *United States v. Rourke*, 984 F.2d 1063, 1067 (10th Cir.1992), *cert. denied*, —— U.S. ——, 115 S.Ct. 419, 130 L.Ed.2d 334 (1994). The Court therefore treats Mr. Muhammad's motion as a motion seeking collateral relief pursuant to 28 U.S.C. § 2255. However, even under that statute, Mr. Muhammad is not entitled to a reduction of his sentence.

◼◼◼ "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994) (citations omitted). A defendant's failure to present an issue on direct appeal bars him from raising the issue in a § 2255 motion, "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.*

◼◼ Mr. Muhammad has not shown cause for his procedural default in not raising this claim on an appeal, nor can the Court imagine any reason why he could not have done so. Moreover, Mr. Muhammad cannot demonstrate actual prejudice or show that a fundamental miscarriage of justice would occur if the Court does not reduce his sentence.

Section 2255 of Title 28 of the United States Code only allows for reduction of a sentence in certain limited circumstances; it allows a prisoner to petition the court that imposed his sentence to vacate, set aside or correct that sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in ex-

cess of the maximum authorized by law, or is otherwise subject to collateral attack.

Mr. Muhammad has failed to allege any facts which would convince the Court that his sentence was thus deficient. Mr. Muhammad asserts that the Court improperly considered two of his prior offenses separately when they should have been considered as related offenses because they were consolidated for sentencing purposes. Because the Court considered the offenses separately, it assigned three criminal history points to each of the two prior offenses. Mr. Muhammad argues that the Court should have considered the two offenses together and assigned them a total of three points.

The first of the two prior offenses at issue here was a robbery, for which Mr. Muhammad was arrested on August 17, 1981. The second was a forgery, which Mr. Muhammad committed on October 28, 1981. The two offenses were apparently consolidated for sentencing on January 28, 1982.

The Guidelines Manual gives instruction on computing criminal history scores. *See* U.S.S.G. § 4A1.2. Application note 3 in the commentary to § 4A1.2 addresses related cases:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. . . .

Mr. Muhammad argues that because his prior offenses were consolidated for sentencing, they should be considered related. However, because he was arrested for the first offense (the robbery) prior to committing the second offense (the forgery), the commentary directs the Court that the sentences for those two offenses should not be considered related. Accordingly, the Court appropriately considered them separately in sentencing Mr. Muhammad. Mr. Muhammad is thus not entitled to a reduction of his sentence.

**IT IS THEREFORE ORDERED** that *Petitioner's Motion for Modification of Sentence Filed Pursuant to the Provisions of Title 18 U.S.C. § 3582* (Doc. # 179) filed March 27, 1996, be and hereby is denied, both for lack of jurisdiction and on the merits.