**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA ,

Plaintiff-Appellee,

v.

RONALD L. GORE, aka Raheem
Muhammad,

Defendant-Appellant.

No. 96-3106
(District of Kansas)
(D.C. No. 95-CV-3290)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **PORFILIO,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Ronald L. Gore (a/k/a Raheem Muhammad) appeals the district court's dismissal of his 28 U.S.C. § 2255 motion without an evidentiary hearing. As the sole ground for his § 2255 motion, Gore asserts that his guilty plea was not knowing or voluntary because his attorney misled Gore about the consequences of his guilty plea. The district court denied Gore's § 2255 motion without an evidentiary hearing on the following grounds: (1) Gore had litigated the voluntariness of his guilty plea on direct appeal and was not entitled to relitigate the issue in a collateral proceeding; and (2) the record of Gore's plea colloquy demonstrated that Gore voluntarily undertook and fully understood the consequences of his guilty plea. This court exercises jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253 and **affirms**.[1]

This court has considered Gore's briefs and contentions and the entire record on appeal. Having conducted a *de novo* review of whether Gore entered a knowing and voluntary guilty plea, *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983), this court affirms the district court's denial of Gore's § 2255 motion, as did the district court in its Order dated February 20, 1996, for substantially those reasons set out in the government's brief before the district court.

---

[1]Because Gore filed his notice of appeal on March 14, 1996, approximately five weeks before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. no. 104-132, 110 Stat. 1214 (Apr. 24, 1996), he need not obtain a certificate of appealability in order to perfect this appeal. *United States v. Lopez*, 100 F.3d 113, 116-17 (10th Cir. 1996).

The judgment of the United States District Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge