**UNITED STATES of America,**

v.

**Robert GIRARDI, Defendant.**

**No. 97 C 2429, (94 CR 7).**

United States District Court,
N.D. Illinois,
Eastern Division.

July 8, 1997.

John L. Burley, U.S. Attorney's Office, Chicago, IL, for Plaintiff.

Robert Girardi, Terre Haute, IN, pro se.

Robert Wellington Beck, Bloomington, IN, for Defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

In 1993, while sitting as a grand juror in federal district court, Defendant Robert Girardi abused his role by disclosing secret grand jury information. After a trial, a jury convicted Girardi on three counts for the

improper disclosures. 18 U.S.C. §§ 401(3), 201(b)(2)(C), 1503. We sentenced Girardi as an accessory after the fact to the marijuana distribution crime which the grand jury was investigating. For a full description of the case's background, see the opinion affirming the defendant's sentence, *United States v. Girardi,* 62 F.3d 943 (7th Cir.1995). Girardi now brings a motion under 28 U.S.C. § 2255, requesting that we reduce his sentence. For the reasons that follow, we deny the motion.

 Girardi first appears to re-argue an earlier motion he filed under 18 U.S.C. § 3582(c)(2). Under that provision, if the Sentencing Commission lowers a sentencing range and generally expresses that the reduced range may be applied retroactively, then a court may reduce the sentence when warranted in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). On January 4, 1996, we denied Girardi's § 3582(c)(2) motion, emphasizing the seriousness and uniqueness of the crime. Girardi failed to file a timely notice of appeal. Insofar as the defendant seeks reconsideration of the earlier denial, we adhere to our original decision.

Next, the defendant also argues, in a "Supplement Motion," that we should depart downward and reduce his sentence due to extraordinary family circumstances. Supp. Mot. at 3–12. If Girardi means to argue that we should correct a sentencing guidelines error, § 2255 does not empower us to do so, *see Scott v. United States,* 997 F.2d 340, 342 (7th Cir.1993), nor would we have done so at the time of sentencing. If Girardi is contending that we should now, based on the unfortunate circumstances that have arisen after sentencing, reduce his sentence based on familial concerns, we possess no authority to modify the sentence on those grounds absent a motion from the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A); *Osijo v. United States,* No. 95–CV–4184, 1997 WL 139008, at *1 (E.D.N.Y. March 12, 1997); *United States v. Hawkins,* No.Crim. 93–221–01, 1996 WL 502199, at *2 n. 2 (E.D.Pa. Aug.27, 1996); *United States v. Gore,* 933 F.Supp. 1018, 1019 (D.Kan.1996), *aff'd,* No. 96–3106, 1997 WL 353025 (10th Cir. June 26, 1997) (unpublished affirmance); *United States v. Benson,*

917 F.Supp. 543, 545 (W.D.Tenn.1995); *cf. Turner v. United States Parole Comm'n,* 810 F.2d 612 (7th Cir.1987) (discussing statutory predecessor to § 3582(c)(1)(A)).

For the reasons stated, the defendant's motion is denied. It is so ordered.