**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-8533
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNELL GARDNER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

( March 31, 1994 )

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Convicted of possession with intent to distribute crack cocaine and sentenced to prison for 262 months, Bernell Gardner appeals, challenging the validity of U.S.S.G. § 4B1.1, the career offender guideline.  We affirm.

The authorities seized 24.2 grams of crack cocaine from Gardner.  Under U.S.S.G. § 2D1.1 that quantity would result in an offense level of 28.  Under section 4B1.1, however, because Gardner was over 18 years old and had two prior violent felony convictions

his offense level became 34. Gardner's two prior convictions for voluntary manslaughter would have resulted in a criminal history category of IV. Section 4B1.1 boosted that classification to VI. An offense level of 34 with a criminal history category of VI results in a sentencing range of 262 to 327 months.

Gardner challenges the validity of section 4B1.1, contending that Congress authorized increases in career offender criminal history scores, but did not empower the Sentencing Commission to increase their offense levels. This objection was not raised in the trial court; our review is thus limited to a search for plain error,[1] and we may vacate the sentence only if section 4B1.1 goes beyond the Commission's statutory authority.[2]

Gardner's *ultra vires* argument rests on his narrow reading of the career offender statute, 28 U.S.C. § 994(h), which requires the Commission to promulgate guidelines that "specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant" is over 18 and has been convicted of three violent or drug-related felonies. He urges that the term "categories of defendants" can only refer to criminal history categories; therefore, in implementing section 994(h), the section 4B1.1 enhancement of both the criminal history scores and the offense level goes beyond the legislative delegation.

---

[1]**United States v. Cockerham**, 919 F.2d 286 (5th Cir. 1990).

[2]**United States v. Matovsky**, 935 F.2d 719 (5th Cir. 1991) (sentence must be upheld unless imposed: in violation of law; because of an incorrectly applied guideline; or outside applicable guidelines). A sentence under a guideline without statutory authorization would be a sentence imposed in violation of law.

Gardner's reading of the term is based on the following flawed epagoge: statutes must be construed in an internally consistent fashion, giving terms the same meaning throughout; sections 994(d) and (h) both use the term "categories of defendants"; the Commission created criminal history categories under section 994(d); therefore, section 994(h) can only refer to criminal history categories when it uses that term. Gardner thus concludes that "the plain meaning of section 994(h) is that the repeat offenders identified by the statute are to be sentenced at or near the maximum term for the highest criminal history category." Based on this analysis, according to Gardner, the Commission was authorized to enhance criminal history scores but not offense levels.

We are not persuaded that the language of section 994(h) permits, much less compels, that interpretation. We conclude that "categories of defendants" as used in section 994(h) refers to career offenders.[3] The criminal history category is, at most, only one of the several categories of defendants addressed in various parts of section 994.[4]

---

[3]"The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized <u>for categories of defendants in which the defendant is eighteen years old or older and" in which the defendant has been convicted of his third violent or drug-related felony</u>. 28 U.S.C. § 994(h).

[4]Indeed, Congress authorized the Commission to take into account such factors as age, education, vocational skills, mental, emotional, and physical condition, employment, family and community ties, role in the offense, and criminal history, as it categorizes defendants. 28 U.S.C. § 994(d). The challenged statutory reference to categories is not limited to criminal history scoring.

We would further note that the Commission and the courts have construed the accompanying phrase "maximum term authorized" as meaning the maximum term authorized by statute for the offense involved.[5]  With this in mind, Gardner's interpretation becomes untenable.  Increasing his criminal history category to VI but keeping his offense level at 28 would result in a guideline sentencing range of 140 to 175 months, far below the 40-year statutory maximum provided for the instant offense.

We conclude that section 4B1.1 is authorized by the statute and, accordingly, is a valid exercise of the power accorded the Sentencing Commission.  The sentence appealed is therefore AFFIRMED.

---

[5]U.S.S.G. § 4B1.1, comment; **United States v. Pearson**, 910 F.2d 221, 222 (5th Cir. 1990), cert. denied, 498 U.S. 1093 (1991); **United States v. Price**, 990 F.2d 1367, 1369 (D.C. Cir. 1993) (section 994(h) requires Commission to promulgate guidelines which will produce sentences for career offenders "'at or near the maximum for the offense charged.'").