UNITED STATES of America, Plaintiff,

v.

Scott D. SHEPPARD, Defendant.

No. 92–30042.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 24, 1995.

James E. Beckman, Asst. U.S. Atty., Springfield, IL, for plaintiff.

George F. Taseff, Bloomington, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge:

We deal here with Amendment 506 to the Sentencing Guidelines Commentary to U.S.S.G. § 4B1.1.

Defendant has filed a *Pro se* Motion For Resentencing pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 506.

## I. BACKGROUND

This Court sentenced Scott Sheppard to 294 months in prison after he pled guilty to conspiracy to distribute cocaine base (21 U.S.C. § 846) and distribution of cocaine base (21 U.S.C. § 841(a)). The sentence was calculated based on an offense level of 34 and a criminal history category of VI which resulted in a range of 262 to 327 months.

Sheppard's criminal history level is VI because he is a "career offender" under U.S.S.G. § 4B1.1. Moreover, because he had committed a prior drug offense, 21 U.S.C. § 841(b)(1)(C) is applicable and the maximum possible penalty is increased from twenty years to thirty years. On appeal, Sheppard unsuccessfully argued that applying both § 4B1.1 and 21 U.S.C. § 841(b)(1)(C) based on the same prior convictions constituted an improper double enhancement. *United States v. Sheppard*, 33 F.3d 56 (7th Cir.1994).

Nevertheless, the Sentencing Commission was troubled by the interplay between § 4B1.1 and 21 U.S.C. § 841(b)(1)(C). Thus, effective November 1, 1994, commentary to § 4B1.1 was amended to prevent the double enhancement. U.S.S.G.Amend. 506. Amendment 506 changes the definition of "Offense Statutory Maximum" to include the language "not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record."[1] *Id.*

According to the official explanation of Amendment 506, "[t]his amendment defines the term 'offense statutory maximum' in § 4B1.1 to mean the statutory maximum prior to any enhancement based on prior criminal record.... [The amendment] avoids unwarranted double counting as well as unwarranted disparity associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." U.S.S.G. Amend. 506, cmt. (backg'd).

The Government concedes that if it is applicable, Amendment 506 should be applied retroactively to Defendant Sheppard. *See Stinson v. United States*, ___ U.S. ___, ___, 113 S.Ct. 1913, 1919, 123 L.Ed.2d 598 (1993) ("Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation.").

The Government, however, does not concede that Amendment 506 is binding on this Court. The Government asserts that Amendment 506 is inconsistent with 28 U.S.C. § 994(h) and therefore should not be

---

1. After the passage of Amendment 506, comment note 2 to § 4B1.1 reads as follows:

   "Offense Statutory Maximum," for purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and

   (B)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for the purposes of this guideline is twenty years and not thirty years. If more than one count of conviction is a crime of violence or controlled substance offense, use the maximum authorized term of imprisonment for the count that authorizes the greatest maximum term of imprisonment.

applied. *See Stinson,* —— U.S. at ——, 113 S.Ct. at 1919 (noting that commentary that is inconsistent with a federal statute is not given controlling weight). Specifically, the Government maintains that 28 U.S.C. § 994(h) directs the Commission to specify sentences "at or near the maximum term authorized" for defendants convicted of violating 18 U.S.C. § 841 after having previously been convicted of two or more crimes of violence or felony drug crimes.

## II. ANALYSIS

### A. Plain Meaning

■ Whether Amendment 506 should be given binding effect is an issue of first impression. Thus, the Court is guided by principles of statutory construction and the first and "large-bore howitzer" of statutory construction is that a court must apply the plain meaning of a statute as written. *Matter of Udell,* 18 F.3d 403, 410 n. 1 (7th Cir.1994) (Flaum, J., concurring). *See Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: 'judicial inquiry is complete.' ") (citations omitted).

■ The meaning of 28 U.S.C. § 994(h) is clear on its face. *See United States v. Saunders,* 973 F.2d 1354, 1365 (7th Cir.1992). It specifically directs the Commission that it "*shall* assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized...." (emphasis added). Therefore, because 21 U.S.C. § 841(b)(1)(C)' unambiguously states that a person convicted of an applicable drug offense after having previously been convicted of one or more applicable drug offenses "shall be sentenced to a term of imprisonment of not more than 30 years," Amendment 506 is clearly inconsistent with 28 U.S.C. § 994(h). Because Amendment 506 is clearly inconsistent with 28 U.S.C. § 994(h), it is not controlling and will not be applied.

*See Stinson,* —— U.S. at ——, 113 S.Ct. at 1919.

### B. Congressional Intent

The Sentencing Commission attempts to circumvent the plain meaning rule by noting that in 1984 when 28 U.S.C. § 994(h) was enacted, the enhanced maximum sentences provided in 21 U.S.C. § 841 did not exist. U.S.S.G.Amend. 506, cmt. (backg'd). In response, the Government contends that prior to 1984, 21 U.S.C. § 841(b)—as well as other statutes—provided for enhanced maximum penalties based on a defendant's prior convictions. *See* Comprehensive Drug Abuse Prevention and Control Act, 84 Stat. 1236, 1260–70 (1970).

Moreover, the Government argues that Amendment 506 "thwarts" the clear intention of Congress that the most dangerous, recidivist criminals receive a sentence close to the statutory maximum. *See United States v. Sanchez–Lopez,* 879 F.2d 541, 559 (9th Cir. 1989). The Court agrees and notes that there is no compelling reason that the term "statutory maximum" should not include all maximum penalty provisions included in the statute. *See* 21 U.S.C. § 841.

## III. CONCLUSION

Amendment 506 is inconsistent with the plain meaning of both 28 U.S.C. § 994(h) and 21 U.S.C. § 841(b)(1)(C). Thus, it is not binding on this Court and there is no basis for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).

*Ergo,* the Defendant's motion is DENIED.