UNITED STATES of America, Plaintiff,

v.

Miles D. SAUNDERS, Defendant.

No. 91–CR–0045–C.

United States District Court,
W.D. Wisconsin.

June 23, 1995.

John W. Vaudreuil, U.S. Atty., Madison, WI, for the U.S.

Gregory N. Dutch, Madison, WI, for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

This criminal case is before the court on defendant's motions 1) to vacate his sentence

pursuant to 28 U.S.C. § 2255 and 2) for resentencing pursuant to 18 U.S.C. § 3582(c)(2). I conclude that defendant has failed to show that his sentence was imposed in violation of the Constitution or any statute but that he has shown that he qualifies for resentencing in light of Amendment 506, promulgated recently by the United States Sentencing Commission. I believe resentencing is appropriate in this instance and that it would be consonant with the principles of 18 U.S.C. § 3553(a).

Defendant was charged along with Greg James with the crimes of 1) conspiring to distribute cocaine and possess cocaine with the intent to distribute, 21 U.S.C. § 846; and 2) possessing cocaine with the intent to distribute, 21 U.S.C. § 841(a). Pursuant to 21 U.S.C. § 841(b)(1)(C), the government sought an enhanced penalty against defendant of thirty years on the basis of his 1990 felony conviction for possession of cocaine with intent to distribute. Co-defendant James pleaded guilty and testified against defendant at trial. James told the jury he had been driving from Chicago to Minneapolis when he was stopped in Wisconsin Dells by a Wisconsin state trooper who discovered thirteen ounces of cocaine in the car and arrested him. James decided to cooperate with the police and, at their direction, placed several calls to defendant, telling him he had car trouble and asking him to come to the Dells to help him complete the trip to Minneapolis. When defendant did so, he was arrested and charged.

Defendant was found guilty on both of the counts with which he was charged. At his presentence interview with the probation officer, he admitted his involvement in the conspiracy, admitted going to Wisconsin Dells to pick up cocaine from James, and admitted that he had intended to sell the cocaine and split the proceeds with "Ronnie Anderson." At sentencing, he was found to have a guideline range of 262–327 months and sentenced to a term of imprisonment of 262 months.

■ In support of the motion to vacate his sentence, defendant asserts that his counsel was ineffective. According to defendant, his attorney failed to argue at sentencing for a downward departure, failed to investigate potential trial witnesses properly and failed to engage in plea discussions with the government before trial. Defendant did not raise these issues on direct appeal. However, his failure to do so does not bar him from raising them on this motion for post-conviction relief because they concern matters outside the trial record. *Stoia v. United States,* 22 F.3d 766, 768 (7th Cir.1994) (federal prisoner's failure to raise ineffective assistance of counsel claim results in forfeiture only when claim is limited to facts that could be determined from record). In addition, the general rule is that ineffective assistance of counsel claims are not waived when the same lawyer represents the defendant at trial and on his direct appeal, as was the case here. *Guinan v. United States,* 6 F.3d 468, 471 (7th Cir.1993).

Although defendant is free to raise the issue of ineffective assistance on a § 2255 motion, he bears a heavy burden in proving the claim. Under the standard established in *Strickland v. Washington,* 466 U.S. 668, 687–96, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984), the defendant must identify acts or omissions outside the range of professional competent assistance and must show a reasonable probability that the result of the proceedings would have been different had counsel not made unprofessional errors. Defendant maintains that his counsel was ineffective in failing to argue at sentencing that defendant was entitled to a downward departure on the ground that the guidelines overrepresented his criminal conduct. The transcript of the sentencing hearing contradicts defendant's recollection of the events. Defendant's counsel made the argument both in his sentencing memorandum and again at the hearing, contending that defendant's 1987 conviction for aggravated robbery and his 1990 conviction for possessing cocaine overrepresented defendant's criminal history. Counsel's failure to persuade the court does not mean that his efforts were constitutionally deficient.

■ Defendant argues that his counsel was ineffective in failing to investigate two potential trial witnesses: Gina Baskin and Karen Artison. He alleges that Baskin would have presented testimony at trial de-

nying both that she had contacted his co-defendant Greg James and that she had provided James the cocaine he was transporting. Artison would have testified she was defendant's girl friend in May 1991 and that Greg James had called defendant three to four times before defendant agreed to make the trip to the Dells. Even if I assume that defendant's trial counsel did not make sufficient efforts to investigate these witnesses, defendant cannot prevail on his claim of ineffective assistance because he has not shown any reasonable probability that the outcome would have been different had these witnesses been located and called at trial. Whether James obtained the cocaine from Anderson (as Baskin would have testified) or from Baskin (as James had testified), the jury would not have changed its assessment of defendant's involvement in the conspiracy. The fact that Artison could corroborate the government's proof that James had called defendant several times before he came to Wisconsin Dells would added nothing to defendant's case.

■ Finally, I turn to defendant's allegation that his trial counsel made no efforts to obtain a plea agreement. The proposition is dubious, but even if it is true, it would not support a claim of ineffectiveness of counsel. Given defendant's unwillingness to cooperate with the government, the potential penalties he faced and the evidence against him, it is unlikely the government would have been inclined to bargain with any great zeal.

In sum, I conclude that defendant has failed to show that he was not provided effective assistance. In fact, the record shows the opposite: defendant was provided vigorous and capable representation by his trial counsel.

I turn then to defendant's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). When defendant was sentenced, he was subject to an enhanced penalty because he had a prior felony drug conviction and the government had filed the prerequisite notice of its intent to seek the enhancement. *See* 21 U.S.C. § 841(b)(1)(C) (providing for maximum penalty of thirty rather than twenty years after conviction of offense involving 500 grams or more of co-caine if offender has previously been convicted of felony drug offense). In addition, because defendant was over eighteen, had a previous conviction for a crime of violence as well as for a felony drug charge and had been convicted of a controlled substance offense, he was categorized as a "career offender" under the sentencing guidelines, independent of any enhancement. U.S.S.G. § 4B1.1.

Guideline § 4B1.1 instructs the sentencing judge to set the offense level for persons qualifying as career offenders by using the appropriate offense level from the table in § 4B1.1, which designates an offense level for each "offense statutory maximum." In 1991, when defendant was sentenced, "offense statutory maximum" was defined in the commentary to § 4B1.1 as "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense." In "Background," the commission added that "[t]he legislative history of [§ 994(h)] suggests that the phrase 'maximum term authorized' should be construed as the maximum term authorized by statute." In sentencing defendant, I determined that his "offense statutory maximum" was 30 years, the maximum penalty to which he was exposed once the government had filed the notice of enhancement. A maximum of 30 years gave defendant an offense level of 34 under § 4B1.1; had I found that he faced a statutory maximum of 20 years, his offense level would have been 32.

Both at sentencing and on appeal, defendant objected to the offense level. He argued that receiving both the enhancement and the increase in offense level amounted to double counting in violation of the constitutional prohibition against being put in jeopardy twice for the same offense. I found otherwise and so did the court of appeals. *United States v. Saunders,* 973 F.2d 1354, 1365 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993). Indeed, all the courts of appeals that have considered the question have approved the procedure of using the enhanced penalty as the "offense statutory maximum" in selecting an offense level from the table in § 4B1.1,

holding that doing so carries out Congress's intent that drug offenders receive sentences at or near the statutory maximums. 28 U.S.C. § 994(h). *See, e.g., United States v. Gardner*, 18 F.3d 1200, 1202 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 212, 130 L.Ed.2d 141 (1994); *United States v. Sanchez*, 988 F.2d 1384, 1394–97 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 217, 126 L.Ed.2d 173 (1993); *United States v. Smith*, 984 F.2d 1084, 1086–87 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 204, 126 L.Ed.2d 161 (1993); *United States v. Moralez*, 964 F.2d 677, 682–83 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992); *United States v. Garrett*, 959 F.2d 1005, 1009–11 (D.C.Cir.1992); *United States v. Amis*, 926 F.2d 328, 330 (3d Cir.1991); *United States v. Sanchez–Lopez*, 879 F.2d 541, 558–60 (9th Cir.1989). In the last year, however, the Sentencing Commission promulgated Amendment 506, which adds explicit commentary to § 4B1.1, directing sentencing judges not to consider any enhancement in determining the "offense statutory maximum" for career offenders. The commission made the change retroactive.

In seeking resentencing pursuant to 18 U.S.C. § 3582(c)(2), defendant relies on this retroactive change in the method of determining offense levels for career offenders. Section 3582(c)(2) gives sentencing courts the discretion to reduce a defendant's sentence when the sentencing range used at sentencing is subsequently lowered by the commission, provided the court is satisfied that a reduction would still carry out the purposes of sentencing as articulated by Congress in 18 U.S.C. § 3553(a). The government contends that a lower sentence is unavailable in this case, however, arguing that Amendment 506 and the resulting commentary are invalid because their promulgation violates the directives of Congress, as set forth in 28 U.S.C. § 994(h), which instructs the commission to "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum terms authorized for categories of defendants" convicted of certain offenses, including those under § 841. The government argues that by lowering the offense level for offenders with enhanced sentences, the com-

mission has thwarted the congressional intent to give drug offenders near-maximum sentences.

■ I have found only two district court decisions on this issue and no appellate decisions, although the government states that two cases raising the question are pending before the Court of Appeals for the Seventh Circuit. The two district court opinions take opposite positions: one agreeing with the government's position that the commentary is not binding because it violates § 994, *United States v. Sheppard*, 879 F.Supp. 80 (C.D.Ill.1995); and the other finding the amendment valid, *United States v. LaBonte*, 885 F.Supp. 19 (D.Me.1995). The court split may reveal the question's difficulty and the lack of opportunity for the commission to be heard on the issue. *See LaBonte* at 20 (suggesting court of appeals may want to invite the commission to file an amicus brief when it hears case on appeal). Although the government makes a strong argument for finding the commission's added commentary invalid, in the end I agree with Judge Hornby that the commission acted within the scope of its delegated authority in promulgating the amendment setting forth the new commentary and that the commentary does not violate the statute.

■ Guideline commentary is authoritative, according to the United States Supreme Court, except when it violates the Constitution or a federal statute, is inconsistent with a guideline or is based on a plainly erroneous reading of a guideline. *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993); *United States v. Rubin*, 999 F.2d 194, 197 (7th Cir.1993) (citing *Stinson* ). Acknowledging implicitly that the commission is free to adopt commentary that is in conflict with prior judicial construction of a particular guideline, *Stinson,* —— U.S. at ——, 113 S.Ct. at 1919, the government focuses exclusively on what it contends is the conflict between Amendment 506 and the congressional directive in § 994(h) that sentences for drug offenders and certain others should be at or near the maximum. It argues that if courts cannot consider an enhanced penalty, the sentences

they impose on convicted drug offenders will fall far short of the maximum sentences envisioned by Congress. This argument has certain force. What the government ignores, however, are the other directives Congress gave to the commission, including for example: providing certainty and fairness in sentencing, reducing unwarranted sentence disparities, § 994(f) and 28 U.S.C. § 991(b)(1)(B); taking into account the nature and capacity of the penal, correctional and other facilities and services available for offenders, § 994(g); assuring that the guidelines reflect "the general appropriateness of imposing a lower sentence than would otherwise be imposed ... to take into account a defendant's substantial assistance in the investigation or prosecution of another person," § 994(n); and assuring that guidelines are entirely neutral as to the race, sex, national origin, creed and socioeconomic status of offenders. The government's reading of § 994(h) would treat this directive for high sentences for drug offenders as overriding all others, an outcome that would undermine the integrity of the scheme that Congress enacted.

The commission has explained that its interpretation of § 4B1.1 is intended to end the unwarranted sentencing disparities "associated with variations in the exercise of prosecutorial discretion in seeking enhanced penalties based on prior convictions." Amendment 506, U.S.S.G.App.C at 408–09 (1994). (The commission explained also that the amendment was intended to avoid unwarranted double counting; this explanation lacks any persuasive content in light of the unanimity of the courts of appeals in refusing to so characterize the procedure.) It is well within the commission's discretion to decide that unwarranted sentencing disparity could be avoided by directing judges to use the unenhanced sentence as the "offense statutory maximum" when determining the offense level for career offenders. As the commission has pointed out, sentencing enhancements are solely within the control of prosecutors. If prosecutors file the proper notice, the sentence is subject to enhancement. If they refrain from filing or withdraw a notice previously filed, the sentencing judge cannot

sentence at the enhanced level, whatever considerations might argue for doing so.

The government seems to take the position that any sentencing guideline amendment that effects a reduction of the maximum potential sentence for § 841 violations transgresses congressional intent. If this were true, it would be improper for the Sentencing Commission to authorizing giving drug offenders downward adjustments in offense levels for acceptance of responsibility or assistance to the government.

In Stinson, —— U.S. at ——, 113 S.Ct. at 1918, the Supreme Court noted that the interpretation and application of the guidelines are "within the Commission's particular area of concern and expertise." The commission determined that the application of the enhancement provision to calculate offense levels was resulting in sentencing disparities inconsistent with the overall purpose of the guidelines to provide certainty and fairness in sentencing. Unless one reads § 994(h) as prohibiting any changes in the guidelines that have the effect of reducing the sentence that can be meted out to a drug offender, which in my view would be an unjustified construction of the statute, the commission's response is consistent with the congressional directives in § 994. I conclude that the commentary does not violate the statute.

When defendant was sentenced, I stated my belief that although defendant's criminal conduct warranted a substantial sentence, the sentence required under his guideline range was far too severe. I continue to believe that a lesser sentence would meet the statutory purposes of sentencing set out in 18 U.S.C. § 3553(a)(2). A lesser sentence would still provide just punishment for the offense, adequate specific and general deterrence and protection of the public from further crimes by defendant. Therefore, I intend to schedule a hearing for the purpose of resentencing, but I will delay doing so until the government has had a chance to appeal from this order.

### ORDER

IT IS ORDERED that defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED; defendant's motion for

resentencing pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Resentencing will be stayed until the government has had a chance to appeal this decision.