**UNITED STATES of America, Plaintiff,**

**v.**

**Charles ROBINSON, Defendant.**

**No. 94–CR–80659–DT–02.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 27, 1995.

David Portelli, Asst. U.S. Atty., Detroit, MI, for plaintiff.

Gregory Wilkins, Detroit, MI, for defendant.

## OPINION

### I. Introduction

DUGGAN, District Judge.

On July 19, 1994, an indictment was filed against defendant alleging that on or about July 12, 1994, defendant "did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine base (also known as 'crack cocaine'), a Schedule II controlled substance; in violation of Title 21, United States Code, Section 841(a)(1)." On June 21, 1995, an information was filed for enhanced statutory penalties pursuant to 21 U.S.C. § 851.[1] Because defendant has two prior felony drug convictions, the minimum sentence of imprisonment allowed under the statute is 10 years with the maximum being life in prison. *See* 21 U.S.C. § 841(b)(1)(B).

On July 6, 1995, defendant pleaded guilty as charged pursuant to a Rule 11 agreement which provided for a maximum sentence of 330 months. Both the plea and the Rule 11 plea agreement were taken under advisement by this Court.

On August 6, 1995, a United States probation officer prepared a Presentence Investigation Report ("PSI") on defendant's case. United States Sentencing Guidelines ("USSG" or "Guidelines")[2] § 2D1.1(a)(3) specifies a base offense level of 28 for a drug offense involving 25 grams of a mixture containing cocaine base. Adjusting for defendant's acceptance of responsibility under USSG § 3E1.1(a), the adjusted offense level is 26. Because defendant sustained two prior felony drug convictions and was over eighteen years of age when he committed the subject offense, the Probation Department concluded that his offense level should be 34 under USSG § 4B1.1(B), again reducing that

level by two points, resulting in a total offense level of 32. Based on these calculations, the Probation Department determined the appropriate guideline range to be 210 to 262 months.

On September 7, 1995, the government filed objections to the PSI.[3] Said objections are the subject of this Opinion. In its objections, the government argues that the Probation Department's failure to apply the enhanced statutory penalty under 21 U.S.C. § 841(b)(1)(B) in determining the offense level under USSG § 4B1.1 was improper, based on the following three grounds:

1) Application Note 2 [of USSG § 4B1.1] is inconsistent with the unambiguous language of 21 U.S.C. § 841(b)(1)(B);

2) Application Note 2 also violates the clear mandate Congress gave the sentencing commission for dealing with career criminals as set forth in 28 U.S.C. § 994(h); and

3) Application Note 2 contradicts another part of the same Commentary, namely the "Background" to U.S.S.G. § 4B1.1....

Gov't's Obj. at 4, 5.[4] At defendant's sentencing on November 17, 1995, the government raised a fourth ground: that the purpose of 21 U.S.C. § 851 is thwarted by failing to consider statutory enhancements in the USSG § 4B1.1 determination.

### II. Background

Defendant pleaded guilty to one count of violating 21 U.S.C. § 841(a)(1), which provides in pertinent part:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to ... possess with intent to ... distribute ... a controlled substance....

---

**1.** Said information was sought based on defendant's two prior felony drug violation convictions, one of which occurred on January 5, 1989 and the other on December 11, 1992.

**2.** All references to the USSG in this Opinion will be referring to the 1994 Guidelines Manual, unless otherwise indicated.

**3.** Defendant filed no objections to the PSI or a response to the government's objections.

**4.** Grounds 2 and 3 are similar and will therefore be treated together.

21 U.S.C. § 841(a)(1). Under the penalties provision of § 841, a person whose violation of § 841(a)(1) involves "5 grams or more of a mixture or substance ... which contains cocaine base" shall be sentenced to "a term of imprisonment which may not be less than 5 years and not more than 40 years...." *See* 21 U.S.C. § 841(b)(1)(B)(iii), (b)(1)(B). If a person commits such a violation "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment...." *See* 21 U.S.C. § 841(b)(1)(B).[5]

Based on defendant's possession with intent to distribute 25 grams of cocaine base, his base offense level under USSG § 2D1.1(a)(3), (c)(6) is Level 28. Adjusting that level by two points under the "Acceptance of Responsibility" guideline (USSG § 3E1.1) results in an offense level of 26. Without considering defendant's prior felony drug convictions, offense level 26 and Criminal History Category VI results in a sentencing range of 120 to 150 months.[6]

Under USSG § 4B1.1, the "Career Offender" provision of the Guidelines, however, defendant's base offense level is increased. That guideline provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable,[7] the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

| Offense Statutory Maximum | Offense Level* |
|---|---|
| (A) Life | 37 |
| (B) 25 years or more | 34 |
| (C) 20 years or more, but less than 25 years | 32 |
| (D) 15 years or more, but less than 20 years | 29 |
| (E) 10 years or more, but less than 15 years | 24 |
| (F) 5 years or more, but less than 10 years | 17 |
| (G) More than 1 year, but less than 5 years | 12 |

*If an adjustment from § 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by the number of levels corresponding to that adjustment.

USSG § 4B1.1. Application note 2 of the commentary to USSG § 4B1.1 defines "Offense Statutory Maximum," stating

"Offense Statutory Maximum," for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, *not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record* (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for the purposes of this guideline is twenty years and not thirty years....

USSG § 4B1.1, comment. (n. 2) (emphasis added).[8] Following application note 2 of USSG § 4B1.1 as written, as did the Probation Department in this case, defendant's base offense level would be 34, because 21 U.S.C. § 841(b)(1)(B) provides for a sentence of imprisonment from 5 to 40 years (before sentence enhancement).[9] Adjusting that lev-

---

**5.** The statutory enhancement provision of § 841 applies only after the government files the requisite information under 21 U.S.C. § 851.

**6.** It is undisputed that defendant's "Criminal History Category" is Category VI.

**7.** *See* USSG § 2D1.1(a)(3), (c)(6).

**8.** The governments present objections specifically challenge the emphasized portion of application note 2 of USSG § 4B1.1.

**9.** *See United States v. Winston,* 37 F.3d 235, 240 (6th Cir.1994), wherein the Sixth Circuit found that the district court properly calculated the defendant's sentence under USSG § 4B1.1, where the statutory maximum sentence before

el by two points under USSG § 3E1.1 results in an adjusted offense level of 32, the corresponding sentencing range for which is 210 to 262 months. *See* USSG Ch. 5, Pt. A.

Construing USSG § 4B1.1 as the government advocates, defendant's base offense level under the Career Offender provision would be 37, because 21 U.S.C. § 841(b)(1)(B) provides that the maximum term of imprisonment for committing the present offense with one prior felony drug conviction is life imprisonment. Adjusting that level by two points under USSG § 3E1.1 results in a sentencing range of 292 to 365 months.

In its objections, the government argues that its guideline calculations are correct despite application note 2 of the commentary to USSG § 4B1.1, because said commentary violates 21 U.S.C. § 841(b)(1)(B) and 28 U.S.C. § 994(h); contradicts another part of the same commentary; [10] and because it violates 21 U.S.C. § 851. For the reasons stated below, this Court believes that the government's objections are without merit.

### III. Discussion

#### A. Commentary to Sentencing Guidelines Generally

In *Stinson v. United States*, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), the Court considered the Eleventh Circuit's holding that commentary to the Sentencing Guidelines is not binding on federal courts. A unanimous Court held that "commentary in the [Sentencing] Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." 508 U.S. at ——, 113 S.Ct. at 1915. Prior to reaching that holding, the Court recounted the history of the Sentencing Guidelines, stating

> [t]he Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551 *et seq.* (1988 Ed. and Supp. III), 28 U.S.C. §§ 991–998 (1988 Ed. and Supp. III), created the Sentencing Commission, 28 U.S.C. § 991(a),

and charged it with the task of "establish[ing] sentencing policies and practices for the Federal criminal justice system," § 991(b)(1). The Commission executed this function by promulgating the Guidelines Manual. The Manual contains text of three varieties.... The third variant of the text is commentary ... In the Guidelines Manual, both guidelines and policy statements are accompanied by extensive commentary. Although the Sentencing Reform Act does not in express terms authorize the issuance of commentary, the Act does refer to it. See 18 U.S.C. § 3553(b) ... The Sentencing Commission has provided in a guideline that commentary may serve these functions: commentary may "interpret [a] guideline or explain how it is to be applied," "suggest circumstances which ... may warrant departure from the guidelines," or "provide background information, including factors considered in promulgating the guideline or reasons underlying promulgation of the guideline." USSG § 1B1.7.

*Id.* at ——, 113 S.Ct. at 1916–17 (internal citation omitted).

In rejecting the Eleventh Circuit's conclusion that the Guidelines Manual does not bind federal courts to apply commentary, the *Stinson* Court stated:

> [c]ommentary which functions to "interpret [a] guideline or explain how it is to be applied," USSG § 1B1.7, controls, and if failure to follow, or a misreading of, such commentary results in a sentence "select[ed] ... from the wrong guideline range," that sentence would constitute "an incorrect application of the sentencing guidelines" under 18 U.S.C. § 3742(f)(1).

*Id.* at —— ——, 113 S.Ct. at 1917–18 (alterations in original) (internal citation omitted). The Court then found that its decision in *Williams v. United States*, 503 U.S. 193, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992), dealing with policy statements, "applies with equal force to the commentary before us

---

enhancement was 40 years. 21 U.S.C. § 841(b)(1)(B)(iii).

**10.** *See* n. 4, *supra.*

here." —— U.S. at ——, 113 S.Ct. at 1918.[11] The Court recognized, however, that commentary is not binding in all instances and then articulated the standard "that governs the decision whether particular interpretive or explanatory commentary is binding." *Id.* In reaching this standard, the Court indicated that:

> ... The Sentencing Commission promulgates guidelines by virtue of an express congressional delegation of authority for rulemaking, and through the informal rulemaking procedures in 5 U.S.C. § 553 ... Thus, the guidelines are the equivalent of legislative rules adopted by federal agencies. The functional purpose of commentary (of the kind at issue here) is to assist in the interpretation and application of those rules, which are within the Commission's particular area of concern and expertise and which the Commission itself has the first responsibility to formulate and announce. In these respects this type of commentary is akin to an agency's interpretation of its own legislative rules. As we have often stated, provided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given "controlling weight unless it is plainly erroneous or inconsistent with the regulation."

*Id.* at ——, 113 S.Ct. at 1919 (internal citations omitted). The Court found further that "we can presume that the interpretations of the guidelines contained in the commentary represent the most accurate indications of how the Commission deems that the guidelines should be applied to be consistent with the Guidelines Manual as a whole as well as the authorizing statute." *Id.*

*See United States v. Hayter Oil Co., Inc. of Greeneville, Tenn.*, 51 F.3d 1265 (6th Cir. 1995), wherein the Sixth Circuit found that "[c]ommentary that interprets a guideline or explains its application generally controls," "provided the commentary 'does not violate the Constitution or a federal statute ... [or] is plainly erroneous or inconsistent with the [guideline].'" *Id.* at 1274 (citing *Stinson* )

11. The commentary before the *Stinson* Court was "interpretive and explanatory" of a guideline. —— U.S. at ——, 113 S.Ct. at 1917. The present case involves the same type of commen-

(alteration in original). *See also United States v. Landers*, 39 F.3d 643, 646 n. 7 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1104 (6th Cir.1994).

### B. "Career Offender" Provision of the USSG

In the 1993 Guidelines Manual, "Offense Statutory Maximum" of USSG § 4B1.1 was defined as referring to "the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense...." USSG § 4B1.1, comment. (n. 2) (1993). Some circuits held that "Offense Statutory Maximum" included any applicable statutory sentencing enhancement that increased the maximum sentence. *See, e.g., United States v. Garrett*, 959 F.2d 1005, 1009–11 (D.C.Cir.1992); *United States v. Amis*, 926 F.2d 328, 329–30 (3d Cir.1991); *United States v. Sanchez–Lopez*, 879 F.2d 541, 558–60 (9th Cir.1989).

However, on November 1, 1994, Amendment 506 to USSG § 4B1.1 took effect. Amendment 506 provides in pertinent part:

> The commentary to § 4B1.1 captioned "Application Notes" is amended in Note 2 by deleting:
>
> > " 'Offense Statutory Maximum' refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense.",
>
> and inserting in lieu thereof:
>
> > " 'Offense Statutory Maximum,' for the purposes of this guideline, refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For

tary, commentary which explains the term, "Offense Statutory Maximum" found in USSG § 4B1.1.

example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years.".

USSG App. C, Amend. 506 (Nov. 1, 1994). *See* Notice, 59 Fed.Reg. 23,608, 23,609 (Sentencing Comm'n May 5, 1994). *See also Nwachia v. United States,* 891 F.Supp. 189, 199 (D.N.J.1995). The Commission deemed Amendment 506 to have retroactive effect. USSG App. C, Amend. 504 (Nov. 1, 1994); Notice, 59 Fed.Reg. 52,210, 52,211 (Sentencing Comm'n Oct. 14, 1994). *See* USSG § 1B1.10(c). *See also United States v. Jones,* 55 F.3d 289, 295–96 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 161, 133 L.Ed.2d 104 (1995).

The "Background" to the 1994 version of USSG § 4B1.1 provides that:

> 28 U.S.C. § 994(h) mandates that the Commission assure that certain "career" offenders, as defined in the statute, receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this mandate. The legislative history of this provision suggests that the phrase "maximum term authorized" should be construed as the maximum term authorized by statute. *See* S.Rep. 98–225, 98th Cong., 1st Sess. 175 (1983), 128 Cong.Rec. 26, 511–12 (1982) (text of "Career Criminals" amendment by Senator Kennedy), 26, 515 (brief summary of amendment), 26, 517–18 (statement of Senator Kennedy).

USSG § 4B1.1, comment. (backg'd.).[12] This November 1, USSG § 4B1.1 was again amended. Under the 1995 amendment, the "Background" section cited above was stricken and replaced with the following language:

> Section 994(h) of title 28, United States Code, mandates that the Commission assure that certain "career" offenders receive a sentence of imprisonment "at or near the maximum term authorized." Section 4B1.1 implements this directive, with

the definition of a career offender tracking in large part the criteria set forth in 28 U.S.C. § 994(h). However, in accord with its general guideline promulgation authority under 28 U.S.C. § 994(a)–(f), and its amendment authority under 28 U.S.C. § 994(o) and (p), the Commission has modified this definition in several respects to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct ..." 28 U.S.C. § 991(b)(1)(B). The Commission's refinement of this definition over time is consistent with Congress' choice of a directive to the Commission rather than a mandatory minimum sentencing statute ("The [Senate Judiciary] Committee believes that such a directive to the Commission will be more effective; the guidelines development process can assure consistent and rational implementation for the Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers." S.Rep. No. 225, 98th Cong., 1st Sess. 175 (1983)).

> The legislative history of this provision suggests that the phrase "maximum term authorized" should be construed as the maximum term authorized by statute. *See* S.Rep. No. 225, 98th Cong., 1st Sess. 175 (1983), 128 Cong.Rec. 26, 511–12 (1982) (text of "Career Criminals" amendment by Senator Kennedy) *id.* at 26, 515 (brief summary of amendment) *id.* at 26, 517–18 (statement of Senator Kennedy).

Notice, 60 Fed.Reg. 25,074, 25,086–87 (Sentencing Comm'n May 10, 1995).

### C. USSG § 4B1.1's Inconsistency with 21 U.S.C. § 841(b)(1)(B)

█ The government argues first that application note 2 to USSG § 4B1.1 is inconsistent with the unambiguous language of 21 U.S.C. § 841(b)(1)(B), which provides in pertinent part:

> ... If any person commits such a violation after a prior conviction for a felony drug

---

12. The government argues that application note 2 of USSG § 4B1.1 is inconsistent with this background information to § 4B1.1, and that therefore the application note must be rejected.

offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment. . . .

21 U.S.C. § 841(b)(1)(B). Any sentence within the guideline range determined by the Probation Department would be a sentence well within the range of § 841(b)(1)(B)'s above-quoted language. *See Sanchez–Lopez,* 879 F.2d at 559 ("The Sentencing Guidelines are not a separate statutory provision of penalties. The Sentencing Guidelines are intended to provide a narrow sentence range within the range authorized by the statute for the offense of conviction"). Therefore, the government's challenge to application note 2 of USSG § 4B1.1 based on its alleged inconsistency with 21 U.S.C. § 841(b)(1)(B) is without merit.

### D. USSG § 4B1.1's Inconsistency with 28 U.S.C. § 994(h)

The government's alternative objection to application note 2 of USSG § 4B1.1 is its alleged conflict with 28 U.S.C. § 994(h). 28 U.S.C. § 994(h) provides in pertinent part:

The [Sentencing] Commission shall assure that the guidelines specify a sentence to a term of imprisonment *at or near the maximum term authorized* for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

\* \* \* \* \* \*

(B) an offense described in ... 21 U.S.C. 841 ...; and

(2) has previously been convicted of two or more prior felonies, each of which is—

\* \* \* \* \* \*

(B) an offense described in ... 21 U.S.C. 841. . . .

28 U.S.C. § 994(h) (emphasis added). The government argues that the emphasized portion of § 994(h) requires the Commission to specify terms of imprisonment at or near the

maximum authorized by statute, in this case 21 U.S.C. § 841(b)(1)(B), *including enhancements. See United States v. Hightower,* 25 F.3d 182, 185 (3d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 370, 130 L.Ed.2d 322 (1994) ("The plain language of [28 U.S.C. § 994(h)] ... requires the Sentencing Commission to assure that certain offenders receive maximum or near-maximum terms of imprisonment").

USSG § 4B1.1 implements the Congressional mandate to the Commission in 28 U.S.C. § 994(h) that certain career offenders be sanctioned more harshly than other criminals. *United States v. Allen,* 24 F.3d 1180, 1185 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994). *See United States v. Howard,* 998 F.2d 42, 49 (2d Cir.1993) ("The career offender guideline responds to Congress' determination that such offenders should receive sentences of imprisonment 'at or near the maximum term[s] authorized' by their statutes of conviction"). *See also United States v. Underwood,* 61 F.3d 306, 310 n. 11 (5th Cir.1995) (28 U.S.C. § 994(h) resulted in USSG § 4B1.1).

In *United States v. Heim,* 15 F.3d 830 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 55, 130 L.Ed.2d 14 (1994), the Court held that:

[the 1994 commentary to USSG § 4B1.1] indicates that the career offender guidelines were intended to "implement[ ] the mandate" of § 994(h). The language means what it says—the Commission intended to implement the mandate of § 994(h). Nowhere in the commentary to § 4B1.1 does the Commission suggest that it considered § 994(h) to be the *sole* legal authority for promulgating the career offender guidelines. Elsewhere in the Guidelines, the Commission has explained that "[t]he guidelines and policy statements promulgated by the Commission are issued pursuant to Section 994(a) of Title 28, United States Code." U.S.S.G., Ch. 1, Part A, § 1. . . .

*Id.* at 832 (internal citation omitted) (emphasis added).[13] *See United States v. Weir,* 51

---

13. In the 1995 amendment to USSG § 4B1.1, the Commission cited the *Heim* Court's decision with

F.3d 1031 (11th Cir.), *petition for cert. filed,* U.S. No. 95–6393 (Oct. 10, 1995), wherein the Court found that:

> although the commentary to section 4B1.1 states that the career offender provision is implementing the mandate of 28 U.S.C. § 994(h), it does not suggest that section 994(h) is the only mandate for that provision. 28 U.S.C. § 994(a), the Guidelines' enabling statute, provides independent grounds for the career offender provision....

*Id.* at 1032. Section 994(a) provides in part:

> (a) The Commission ... consistent with all pertinent provisions of this title and title 18, United States Code, shall promulgate and distribute to all courts of the United States and to the United States Probation System—
>
>> (1) guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case, including—
>>
>>> (A) a determination whether to impose a sentence to probation, a fine, or a term of imprisonment;
>>>
>>> (B) a determination as to the appropriate amount of a fine or the appropriate length of a term of probation or a term of imprisonment; ....

28 U.S.C. § 994(a)(1)(A), (B).

### 1. Relevant Case Law After Amendment 506 to USSG § 4B1.1

Following the 1994 amendment to USSG § 4B1.1, which is the subject of the present dispute, no circuit has addressed the precise issue before this Court. However, four district courts have, only one of which adopts the government's present position. *Compare United States v. Sheppard,* 879 F.Supp. 80 (C.D.Ill.1995) with *United States v. LaBonte,* 885 F.Supp. 19 (D.Me.1995); *United States v. Fountain,* 885 F.Supp. 185 (N.D.Iowa 1995); and *United States v. Saunders,* 890 F.Supp. 764 (W.D.Wis.1995).

In *LaBonte,* the district court found that "although the case is not without difficulty, the commentary under attack is not plainly

erroneous or inconsistent with the guidelines, nor does it violate the ... federal statutes." 885 F.Supp. at 20. After discussing USSG § 4B1.1 both before and after Amendment 506, the court considered the government's argument that the revised commentary is invalid in part because it "is inconsistent with congressional intent as expressed in 28 U.S.C. § 994(h)." *Id.* at 22. The court identified two "significant difficulties" with the government's approach, stating

> [f]irst, it assesses the legitimacy of a revision only by comparing it to the previous position, rather than evaluating the overall guidelines structure as amended. By focusing exclusively on Congress's desire for maximum punishments and the previous interpretation that required harsher sentences, the argument seems to imply that any Commission change that might result in lighter punishment in this area is perforce illegal. Second, it looks at only one of the mandates assigned to the Commission—that of harsh punishment—and totally ignores others, such as the directive to reduce sentencing disparity.

*Id.* The court later found that "[t]he availability of enhanced sentences lies exclusively within the prosecution's domain; no sentence enhancement is even available unless the United States Attorney chooses to file, before the defendant's trial or guilty plea, an information listing the previous convictions. 21 U.S.C. § 851(a)(1)." *Id.* at 23. The court found therefore that the "Commission can only 'assure' sentences at or near the maximum penalty for the *offense as committed,* without enhancements." *Id.* (emphasis in original). The district courts in *Fountain* and in *Saunders* reached the same result as the *LaBonte* court.

### 2. Analysis

Under 28 U.S.C. § 994(p), the Sentencing Commission submitted six amendments to the Guidelines, including Amendment 506, to Congress on April 28, 1994. Congress took no action to reject those amendments, and they became effective on November 1, 1994. *See* Annual Report 1994 (Sentencing Comm'n). The government argues that Amendment 506 is inconsistent with the

---

approval, for its recognition that § 994(h) is not the *sole* legal authority for promulgating the ca-

reer offender provisions of the Guidelines. *See* Notice, 60 Fed.Reg. at 25,087 (May 10, 1995).

"clear" Congressional directive of § 994(h) which instructs the "Commission to assure that the guidelines specify a sentence to a term of imprisonment *at or near the maximum term authorized* [by statute]...." 28 U.S.C. § 994(h) (emphasis added). If defendant is sentenced pursuant to the Rule 11 plea agreement, he will be sentenced to a maximum of 330 months or 27.5 years imprisonment while if he is sentenced at the top of the guideline range determined by the Probation Department he will be sentenced to a maximum of 262 months or 21.8 years in prison. The government's argument necessarily assumes, therefore, that 27.5 years imprisonment is "at or near" life imprisonment, the maximum authorized by 21 U.S.C. § 841(b)(1)(B) after statutory enhancement, but that 21.8 years is not. Obviously neither sentence would be "at or near" life imprisonment, although admittedly, the longer sentence may be considered "closer" to the maximum term authorized by statute.

█ However, this Court agrees with the several district courts rejecting the government's present argument. This Court believes that the reading of § 994(h) advocated by the government is too restrictive, in light of the numerous subsections of § 994.

This Court also believes that the Guidelines's current definition of "Offense Statutory Maximum" in § 4B1.1 furthers Congress's and the Commission's goal of reducing sentencing disparity among defendants. *See* 28 U.S.C. §§ 994(f), 991(b)(1)(B). The statutory sentence enhancements of 21 U.S.C. § 841(b)(1)(B) and like statutes are triggered only *after* the prosecution files an information under 21 U.S.C. § 851. In fashioning sentencing ranges under USSG § 4B1.1 without taking statutory enhancements into consideration, the Commission can assure that sentences for career offenders with similar criminal records will be the same.

Based on these reasons, this Court rejects the government's argument that application note 2 of USSG § 4B1.1 thwarts the Congressional mandate of 28 U.S.C. § 994(h). *See United States v. Lee,* 887 F.2d 888, 890 (8th Cir.1989) ("the agency's construction of the statute must be upheld if it is 'sufficiently

reasonable' in responding to congressional mandate"). For these same reasons, this Court rejects the government's argument that application note 2 contradicts the 1994 background commentary to USSG § 4B1.1 which identifies § 994(h) as mandating the Commission to assure that certain career offenders's sentences are "at or near" the maximum statutory term.[14]

### E. USSG § 4B1.1's Inconsistency with 21 U.S.C. § 851

█ At defendant's sentencing, the government asserted that imposition of a sentence under USSG § 4B1.1 without taking statutory enhancements into consideration thwarts the effect of 21 U.S.C. § 851, which was enacted before application note 2 to USSG § 4B1.1 took effect. This Court believes that this argument is also without merit.

21 U.S.C. § 851 provides in pertinent part:
  (a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions to be relied upon....

21 U.S.C. § 851(a)(1). In the present case, on June 21, 1995, the government filed the requisite information under § 851 which invoked the statutory enhancement provision of 21 U.S.C. § 841(b)(1)(B). By filing said information, this Court was bound to sentence defendant to a minimum term of 10 years in prison. *See United States v. Foster,* 68 F.3d 86, 89 (4th Cir.1995) ("section 851 was never intended to extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute"). *See also United States v. Mans,* 999 F.2d 966, 969 (6th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 567, 126 L.Ed.2d 467 (1993) ("the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines").

---

**14.** This Court notes that said argument has even less merit in light of the 1995 amendment to

USSG § 4B1.1's background commentary, which takes into account various subsections of § 994.

In employing USSG § 4B1.1 as the Probation Department advocates, this Court is still bound under 21 U.S.C. § 841(b)(1)(B) to sentence defendant to a minimum term of 10 years imprisonment based on the government's filing of the § 851 information. This Court is hard-pressed, therefore, to see how the government can argue that § 851's effect is thwarted through the application of USSG § 4B1.1 as it currently reads. For these reasons and those reasons stated in Discussion § C, *supra*, this Court rejects the government's fourth objection to the PSI.

### IV. Conclusion

For the reasons stated above, this Court rejects the government's objections to the PSI. This Court believes that imposition of a sentence of imprisonment under the amended version of USSG § 4B1.1 is not inconsistent with 21 U.S.C. § 841(b)(1)(B), 28 U.S.C. § 994(h), the 1994 background commentary to USSG § 4B1.1 or 21 U.S.C. § 851. The Court therefore determines that for the purpose of sentencing, the appropriate offense level is 32, which when combined with a Criminal History Category of VI, results in a sentencing range of 210 to 262 months imprisonment.