UNITED STATES of America,

v.

Lemuel NORTH, Defendant.

No. 91–14019–CR–HIGHSMITH.

United States District Court,
S.D. Florida.

Jan. 11, 1996.

Sheryl Lowenthal, Coral Gables, Florida, for defendant.

Anne Hayes, Assistant U.S. Attorney, Miami, Florida, for the Government.

### ORDER DENYING SENTENCE REDUCTION

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Defendant Lemuel North's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), filed November 13, 1995, and Motion to Expedite Consideration of Motion for Reduction of Sentence, filed the same day. The Court has considered the defendant's motions, his notice of additional authority in support of his motion, and the government's opposition papers.

### BACKGROUND

On May 14, 1993, Lemuel North was sentenced to a term of imprisonment of one hundred months (8 years, 4 months). The statute on which North's sentence was based states, in relevant part,

[the defendant] shall ... be sentenced to a term of imprisonment of not more than 5 years.... If [the defendant] commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 10 years....

21 U.S.C. § 841(b)(1)(D). Since North was a career offender, his sentence was based on the ten year enhanced maximum penalty contemplated in the statute. U.S.S.G. § 4B1.1 provides a table that implements the statutory penalty for career offenders. For example, in North's case, based upon an Offense Statutory Maximum of 10 years, the Offense Level is 24. For that Offense Level, the Sentencing Table imposes a range of 100 months to 125 months. The Court sentenced North to the lowest end of the range, 100 months.

### MOTION FOR SENTENCE REDUCTION

North now moves for a reduction of his sentence based upon an amendment to the sentencing guidelines that became effective

approximately six months after this Court imposed sentence.[1] Amendment 506 modified Application Note 2 of U.S.S.G. § 4B1.1. The Application note states that the

> "Offense Statutory Maximum" ... refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record.... For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the "Offense Statutory Maximum" for the purposes of this guideline is twenty years and not thirty years.

U.S.S.G. § 4B1.1, Commentary, Application Note 2. According to the defendant, therefore, the Court should apply the *unenhanced* maximum penalty of five years that is contemplated in the statute for defendants without a prior conviction for a felony drug offense. Based upon the table in U.S.S.G. § 4B1.1, the defendant requests a reduction in the Offense Level to 17, which dictates a sentence of only 51 to 63 months. Since the defendant previously had been sentenced to the low end of the guidelines range, 100 months, he now requests that his new sentence be at the low end of this new range, which is 51 months.[2]

In response, the government argues that Amendment 506 is inconsistent with the statutory directive contained in 28 U.S.C. § 994(h). In this provision, Congress directed that

> The Commission shall assure that the guidelines specify a sentence to a term of imprisonment *at or near the maximum term authorized* for categories of defen-

dants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

   (A) a crime of violence; or

   (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841) ... and

(2) has previously been convicted of two or more prior felonies, each of which is—

   (A) a crime of violence; or

   (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841)....

28 U.S.C. § 994(h) (emphasis added). According to the government, Amendment 506 is inconsistent with Congress' mandate that the defendants who fall within these parameters serve sentences "at or near the maximum term authorized" by the statute governing the crime of conviction. Therefore, the government asserts that Amendment 506 is invalid and should not be applied.[3]

## ANALYSIS

Whether Amendment 506 is inconsistent with its enabling legislation is an issue that has not yet been addressed by the Eleventh Circuit. Only the First Circuit and several district courts have addressed this issue. *See United States v. Labonte,* 70 F.3d 1396 (1st Cir.1995); *United States v. Sheppard,* 879 F.Supp. 80 (C.D.Ill.1995); *United States v. Fountain,* 885 F.Supp. 185 (N.D.Iowa 1995); *United States v. Saunders,* 890 F.Supp. 764 (W.D.Wis.1995); *United States v. Robinson,* 906 F.Supp. 1136 (E.D.Mich. 1995). In its thorough analysis of the issue, the First Circuit acknowledged that the "call is close," but concluded that Amendment 506 is a valid exercise of the Sentencing Commission's authority. *Labonte,* 70 F.3d at 1400. This Court, however, finds the reasoning of the dissent in *Labonte,* 70 F.3d at 1413–20,

---

1. A defendant may move for a reduction of sentence if his term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582. Furthermore, the defendant is entitled to the retroactive application of the amendment that gave rise to the sentence reduction. *See* U.S.S.G. § 1B1.10.

2. Since North served 51 months as of November 9, 1995, he moved for expedited consideration of his motion to reduce his sentence.

3. The government does not address the validity of the calculation of North's sentence in the event that Amendment 506 is deemed applicable.

and of the district court in *Sheppard,* 879 F.Supp. at 82, to be more persuasive.

In reaching its opinion, the First Circuit examined alternate interpretations of the phrase "maximum term authorized" as it is used in 28 U.S.C. § 994(h). *Labonte,* 70 F.3d at 1404–05. By suggesting that the phrase could mean the *unenhanced* statutory maximum, rather than the *enhanced* statutory maximum, the First Circuit finds ambiguity where none reasonably exists. *See Labonte,* at 1404–05; *cf. Sheppard,* 879 F.Supp. at 82 (finding that "[t]he meaning of 28 U.S.C. § 994(h) is clear on its face"). According to Judge Stahl, who wrote the dissent in *Labonte,* "[such an] interpretation ... completely disregards the[ ] enhanced penalties because, under that interpretation, all defendants must be sentenced at or near the unenhanced maximum whether or not the enhanced penalties apply." *Labonte,* 70 F.3d at 1415.

The instant case provides a perfect example. North now contends that, despite his criminal history, he should be sentenced at the statutory maximum applicable to persons who have had no prior brush with the law. Under this scenario, the enhanced statutory maximum would never apply, thereby rendering nugatory the enhancement provision of 18 U.S.C. § 841(b)(1)(D) and similar statutes. Such a result does not comport with traditional rules of statutory construction. Accordingly, this Court finds that Amendment 506 is invalid.

**CONCLUSION**

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that the defendant's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) is DENIED. It is further

ORDERED AND ADJUDGED that the defendant's Motion to Expedite Consideration of Motion for Reduction of Sentence is DENIED AS MOOT.

DONE AND ORDERED.